## The Indianapolis and Cincinnati Railroad Company *v.* The State, ex rel. the City of Lawrenceburg.

City.—*Railroad Crossing.*—*Mandate.*—A mandate will lie to require a railroad company having its track upon, along, or across the streets and alleys of a city, to so build and erect the same, and level and grade the said streets and alleys, their full width, as to render the use of the streets and alleys and the crossing of the track convenient for the public.

Practice.—*Striking Out.*—If a paragraph of an answer is properly struck out on motion, as amounting to the general denial, which has been filed, this ruling cannot be made erroneous by a subsequent withdrawal of the general denial.

APPEAL from the Dearborn Common Pleas.

Buskirk, J.—This was a complaint and motion, in the name of the State, on the relation of the city of Lawrenceburg, against the Indianapolis and Cincinnati Railroad Company, for a writ of mandate.

It is alleged by the relatrix, in her complaint and motion,

that in the year 1854, etc., the said railroad company, formerly named and styled "The Lawrenceburg and Upper Mississippi Railroad Company," built and constructed in and through the city of Lawrenceburg, aforesaid, and in, upon, and across certain public streets and alleys in said city, then, and for more than twenty years previous thereto, uninterruptedly laid out, established and in public use, in and by said city, and by the inhabitants thereof, and by the public generally, and ever since and still in such public use, as aforesaid, an iron railroad, with side-tracks and switches; that such railroad and side-tracks and switches were and are built in, upon, and across the following public streets in said city, namely: Shipping street, Third street, High street, and First street, in that part of the said city of Lawrenceburg commonly called New Lawrenceburg; and Partition Lane, Maple street, High street, Charlotte street, Mary street, Vine street, Walnut street, Short street, Elm Row, and New street; and all the public alleys in said city running between such streets, in the original town of Lawrenceburg, in the said city of Lawrenceburg; that in the course of the building and construction of such railroad and side-tracks and switches, the defendant built and erected high embankments of earth and other substances, in, upon, and across such streets and alleys, and laid iron rails in and upon the same; and that then and there and thereby the passage and repassage of persons and vehicles in, upon, over, and across such streets and alleys became, and was, and still is either wholly obstructed and made impracticable, or made very difficult and inconvenient. And then she avers that, upon the building and erection of such embankments in, upon, and across such streets and alleys, it became, and was, and yet is the legal duty of the said railroad company to so build and erect the same, and level and grade the same, as to allow free and unobstructed passage and repassage in, upon, and across such streets and alleys, by properly grading the same to a corresponding, proper, and convenient grade with such embankments, and by making the iron rails laid thereon flush with

such streets and alleys, when so graded; by grading and lev-
elling such streets and alleys, in and upon which such em-
bankment was and is built and constructed, the full length
and width thereof, and by grading such streets and alleys
across which such embankments and the railroads and side-
tracks and switches thereon are built and constructed and
erected, the full width thereof, with a convenient grade for
crossing; but that the defendant has hitherto wholly failed
and neglected, although a reasonable time since the erection
of said embankments and the building and construction of
. such railroad thereon has long since elapsed, and although
the defendant has heretofore been frequently notified and
requested by the said relatrix to so properly level and grade
such streets and alleys, and still refuses so to do; and . the
said streets and alleys are either wholly obstructed and im-
passable, or are very difficult and inconvenient for passage
and repassage in, upon, and across the same.   It is then
further alleged in the complaint that the defendant con-
structed her said railroad in and through said city of Law-
renceburg under and by virtue of a certain ordinance of the
common council of said city of Lawrenceburg, passed and
adopted, at the instance of the defendant, on the 25th day of
September, 1852, the first and second sections of said ordi-
nance, which only are material, read as follows:

"Sec. 1.  Be it ordained by the mayor and select council .
of the city of Lawrenceburg, that it shall be lawful for the
Lawrenceburg and Upper Mississippi Railroad Company
to locate and construct their said road with one or more
tracks through the city of Lawrenceburg to the depot
ground, and wharf owned by said company on the upper
side of Short street, and wherever the same be necessary for
the -convenient dispatch of business, and to connect with
other railroads which may be constructed within said city,
or to connect with such depot grounds, wharf, or work-
shops; to construct said road, with such side-tracks, switches
or turnouts as may be necessary, in, over, upon, or across
any street, alley, or other public grounds, within said city,

and the same to maintain and keep up during the existence of the charter of said company for the use of the same.

"Sec. 2. That it shall be the duty of said company, whenever their work shall be laid upon or across any such public street, alley, or ground, to make and keep up all necessary crossing places for the convenient passing over said road with horses, teams, etc.; and where the grade of said road shall be higher than such street, alley, or public ground, the said company shall fill up on each side of their said road to form a convenient passage over the same. Said company shall also build such culverts under or over their said road, as may be necessary for the drainage or sewerage of said city, as may be directed by the marshal of said city."

It is further averred in the complaint, that in order to make a good and sufficient crossing across said railroad, sidetracks, and switches, for passage and repassage in and upon the same, it is necessary that each and every of the said streets and alleys crossing the same be filled up and graded, the full width of such streets and alleys, to a grade not exceeding three degrees. Whereupon the relatrix moved and prayed the court for a writ of mandate, commanding and compelling the defendant forthwith, without any delay, to so construct, build, level, and grade the said embankments, and the said railroad, sidetracks, and switches, so as to make them level and flush with such streets and alleys in and upon which the same are built, erected, and constructed, and to fill up on the sides of such embankments, railroad, sidetracks, and switches, and at street and alley crossings, so as to make the grade of such streets and alleys, across which such embankments and the said railroad, sidetracks, and switches built thereon, are built, erected, and constructed, the whole width of such streets and alleys, of an easy and convenient grade for crossing such embankments, and the railroad, sidetracks, and switches built thereon, and at such crossings, so as to make the rails laid in, upon, and across such streets and alleys (excepting the alley next southeast of and run-

ning parallel with William street) level and flush with the same, so that the passage and repassage of vehicles and persons in, upon, and across the same, may not be obstructed and prevented, or be impracticable or difficult, but so that the same be passable and convenient for all proper uses, and for all such other and further orders and judgment in the premises as may be right and just.

The complaint was verified by affidavit. The railroad company waived the issuing of an alternative writ of mandate, and proceeded to plead. And she first demurred to the complaint, on the ground that the same does not state facts sufficient to constitute a cause of action. The question arising upon the demurrer to the complaint is, whether, upon the facts alleged in the complaint, a writ of mandate will lie at all.

The relatrix maintains that a writ of mandate will lie against the railroad company, because she has no other adequate remedy provided by law against the company. The railroad company is not liable to indictment or information under our statute laws for obstructing public highways, nor, as corollary, is the company liable to a penalty under a penal ordinance of the city for obstructing such streets and alleys. *The State* v. *The President and Directors of the Ohio and Mississippi Railroad Company*, 23 Ind. 362. But admitting, for the sake of the argument, that under the late general law for the incorporation of cities, authorizing a summons to issue against the company for the violation of a city ordinance, the railroad company might be proceeded against for obstructing public streets and alleys in the city, and a penalty be recovered from her; yet this would not be an adequate remedy, as the evil complained of would not be obviated, but still remain as before. The city, as such, can have no action for damages by assessment or otherwise, such action will only lie in favor of individuals for special damages. The common council has exclusive power over the streets, highways, alleys, etc., within the city; and, as a necessary consequence, it is her duty to keep and maintain

such streets and alleys unobstructed; *The City of Logansport* v. *Wright*, 25 Ind. 512; and no matter by whom the obstruction may be placed in the street or alley, the city is primarily liable to an individual that may sustain damage by reason of such obstruction; 1 Redf. Railways (3d ed.), 538–543; and although the railroad company may be liable too, and although the city might have an action, after having paid damages and costs, against the railroad company for reimbursement, this would subject the city to endless litigation, but the evil complained of would still remain.

Can it be said, then, that this would be an adequate remedy? It would seem to us not. Or shall it be said that it is the duty of the city to fill up and grade the streets and alleys so as to make them convenient for passage, etc., at her own expense, in the first instance, and then be compelled to bring an action against the railroad company for reimbursement? If one have a right of action for a grievance against another, either for damages or for the specific performance of an act, it is certainly not an adequate remedy to him, to be compelled in the first instance to lay out one hundred dollars for the use of another, and then to have the right simply to recover back his money so laid out by him, and perhaps to get legal interest on his money. But the railroad company contends that she constructed her railroad under said ordinance, and that the ordinance is nothing but a contract between the city and the railroad company.

We are of the opinion that the common council of a city have no authority to make contracts for the sale or letting of any public street or any portion thereof. They may, it is true, grant an easement in the street to a railroad company, to use the street in common with the public; but they could not make a grant authorizing a railroad company to obstruct or to appropriate to her sole use any public street. Such authority would be *ultra vires*, and neither any owner of property in a city, nor a city herself, would be bound by any such grant. *Tate* v. *The Ohio and Mississippi Railroad Company*, 7 Ind. 479; *Protzman* v. *The Indianapolis and Cincinnati*

*Railroad Company*, 9 Ind. 467. In the latter case, this very same ordinance was pleaded by the railroad company as a license, etc. But this ordinance is not a contract between the railroad company and the city, but simply a grant of the right of way upon certain conditions and duties subsequent, to be performed by the company. And the proper means by which a corporation may be compelled to perform a plain duty—and the duty is plain in this case—is by a writ of mandate. Public duties of corporations may be enforced by mandamus. 2 Redf. Railw. (3d ed.) 277.

The case of the *L. & N. A. Railroad Company* v. *The State, ex rel. McCarty*, 25 Ind. 177, deciding that a mandate will not lie where the statute has expressly provided another adequate remedy, cited by appellant's counsel, has no analogy to the case at bar. There an express remedy was provided by statute, while in the present case, no statutory provision for the remedy of the grievance, complained of, and for the enforcement of the rights of the relatrix, other than a mandate against the railroad company, can be found. Mandamus being the only adequate remedy to enforce the specific performance of the company's duty in the premises, does it lie at all? Where the statute provides that railways "shall maintain and keep in repair all bridges, with their abutments, which they shall construct for the purpose of enabling their road to pass over or under any road, canal, highway, or other way," and the company omitted to perform the duty in the manner required for the public safety, it was held that the towns within which the road lay were liable to indictment for not keeping it in safe repair, and that they may compel the railway company to make all such repairs as may be necessary by mandamus, or if they have been obliged to make expenditures therein, may reimburse themselves by an action on the case against the company. 1 Redf. Railw. 538. A mandamus will lie, although the act or omission complained of subjects the corporation likewise to an indictment. Sec. 199, 2 Redf. Railw. 294. Where a railroad company is liable to erect a bridge over a highway, the town in

whose jurisdiction the highway is situated is entitled to a writ of mandamus requiring the railroad company so to do. 7 Met. 70; S. C. 1 Am. R. Cas. 377. Mandamus is the proper remedy by which to compel a canal company to bridge over a private way which it intersects. ·*Habersham* v. *Savannah, etc., Canal Company*, 26 Ga. 665. The writ lies to command a railway or other company to make a road pursuant to their act, or to excavate or widen a road, notwithstanding the road made be more commodious than that erected by such act. Tapping Mandamus, 180. If it be urged that the foregoing authorities are based purely upon statutory requirements, the answer is, that the above mentioned city ordinance must, in this case, be held to be in the nature of a statute. Over the public highways, without the limits of a city, the legislature have retained their authority, but within the limits of a city, the legislature have delegated their authority to the common council of the city, and their acts in relation thereto will be of the same force and effect as the acts of the legislature in relation to the public highways without. The general act for the incorporation of cities, under which the city of Lawrenceburg has been acting, provides, as also did the special charter enacted in 1838, that "the common council shall have exclusive power over the streets, highways, alleys and bridges within such city, and to lay out, survey, open, straighten, widen, or otherwise alter the same, to make repairs thereto, and to construct and establish sidewalks, crossings, drains, and sewers," etc.

This act confers upon the common council plenary powers over the streets and alleys of the city. In the language of HARRIS, J., in the case of *Milhau* v. *Sharp*, 17 Barb. 435, in speaking of the charter of the city of New York— not broader in this respect than the section under consideration: "The corporation yet has the exclusive right to control and regulate the use of the streets in the city. In this respect, it is endowed with legislative sovereignty. The exercise of that sovereignty has no limit, so long as it is within the objects and trusts for which the power is con-

ferred. An ordinance regulating a street is a legislative act, entirely beyond the control of the judicial power of the State." *Wood* v. *Mears*, 12 Ind. 515.

The demurrer to the complaint was overruled, and in view of the foregoing authorities, rightly so; as we think. Then the railroad company filed several paragraphs of answer to the complaint. The first paragraph was the general denial; and, of the others, the third and fifth only need be noticed, as all the remainder were withdrawn. The general denial, although it was also withdrawn in the end, must be noticed, for the purpose of determining whether, while the general denial remained standing as an answer to the complaint, in view thereof, the ruling of the court below in reference to the third and fifth paragraphs of answer can be held erroneous. In the third paragraph of answer, the railroad company alleges that the streets and alleys in the complaint mentioned, along and across which the said railroad is constructed, are now, at the places where said road is constructed along and across the same, in a better condition and more convenient for the passage and repassage of persons and vehicles in, upon, over, and across the same, than they severally were before and at the time of the construction of said road. And then she avers that she acquired her right of way over and across and along said streets and alleys, and that she constructed her railroad along and across such streets and alleys, under and by virtue of the provisions of the ordinance in the complaint mentioned. To this paragraph of answer a demurrer was filed by the relatrix, and sustained by the court, on the ground that it did not state facts sufficient to constitute a defence. As regards the latter averment contained in said paragraph, the answer neither denies any allegation of the complaint, nor does it confess and avoid anything in the complaint contained by affirmative matter, but simply reiterates that which is fully set out in the complaint itself. The only thing in this paragraph of answer contained, then, which requires notice, is the allegation, "that

the streets and alleys are in a better condition, and more convenient, etc., than they were before," etc.    No fact is alleged here, but simply an opinion, a mere conclusion or deduction from facts.    This answer does not allege that the railroad company performed the duty required of her by the said ordinance, in reference to such streets and alleys generally; nor does it set out the facts specially, and show how and in what manner the company constructed her works and did her duty in the premises, from which it might be inferred that she complied with the requirements of the ordinance and did her duty in the premises.    Nor does this paragraph show that the railroad company has done anything whatever in relation to the streets and alleys in the complaint mentioned.    The ordinance makes it "the duty of the railroad company, whenever their work shall be laid upon or across any such public street, etc., to make and keep up necessary crossing places for the convenient passing over said road with horses, teams, etc."    The ordinance does not require the company to place such street in a better condition and more convenient for passage, etc., than it was before the building of the railroad upon or across it, but to make such street convenient for crossing, etc.    Suppose, even, that such street, before the building of the railroad upon or across it, was not only not convenient for passage upon it with horses, teams, etc., but was wholly impassable; although it may be true, that such street is now in a better condition and more convenient for passage, etc., than it was before the building of the railroad, it may nevertheless yet not be in condition for the convenient passing over the railroad with horses, teams, etc.    And until such street has been placed in a condition for the convenient passing over the said road with horses, teams, etc., it cannot be maintained that the ordinance, in that respect, has been complied with.    Hence the answer was clearly bad, and the demurrer to it correctly sustained. At most, the answer is but an argumentative denial of the allegations of the complaint, that the company had failed and refused to comply with her duty in the premises; and,

as such, was already covered by the general denial on file at the time the demurrer was sustained, and hence there could then not have been error, if the answer was stricken out on motion.

In the fifth paragraph of the answer, it is alleged that the railroad company constructed her railroad upon and across said streets and alleys in the complaint mentioned under the provisions of the ordinance in said complaint stated, and that she acquired her right of way through said city by virtue of said ordinance; and she avers that from the making and constructing of her said railroad until the present time, wherever the same has been laid upon or across such streets and alleys, she has made and kept up and maintained all the necessary crossing places for the convenient passing over said railroad with horses, teams, wagons, drays, etc., and that wherever the grade of said railroad is higher than any of such streets or alleys, she has filled up the same on each side of said railroad, so as to form a convenient passage over the said road with horses, teams, wagons, persons, drays, etc. The fifth paragraph of answer the relatrix moved to strike out, on the ground that the matters therein contained are surplusage, which motion was by the court sustained. This paragraph of answer was also filed, while the general denial remained on file as an answer to the complaint. The complaint sets forth, and it is the very gist of the action, that it was necessary and the duty of the railroad company to grade the streets and alleys in the complaint mentioned, in a certain way, where the railroad is constructed in and upon a street, lengthwise; that it was necessary and the duty of the company to fill up on the sides and to grade and make such street, for the entire length covered by an embankment, of a level grade with the embankment, and flush with the rails of the road, and to the full extent of the width of such street; and where the railroad is constructed across a street or alley, that it was necessary and the duty of the company to make the street and alley crossings, of a grade not exceeding three degrees, and to the full

extent of the width of such street and alley; and also to make the rails of the road in, upon, and across such streets and alleys, flush with the street or alley crossing, in order to make and keep up all necessary crossing places for the convenient passing over the railroad with horses, teams, etc., and to form a convenient passage over the same; but that, although thereunto requested by the relatrix, and although a reasonable time had long since elapsed, the railroad company had wholly failed and refused to perform her legal duty in the premises, to comply with the conditions and requirements of said ordinance, and to grade such streets and alleys as was necessary and was her duty in the premises, so as to leave them useful and convenient for the original purposes for which they were laid out.    The railroad company having filed, as one of her answers, the denial, the relatrix was bound to prove every material allegation of her complaint, *i. e.*, that the raiload company erected embankments in, upon, or across the streets and alleys in the complaint mentioned, and constructed her road upon such embankments; that by reason of such embankments and the railroad built thereon, the passage in, upon, or across such streets was obstructed, etc., and that the railroad company had not so graded such streets and alleys, at the points where she built her railroad in, upon, or across the same, as to be convenient for passage, etc., as it was necessary and her legal duty to do, and as she was required also to do by the conditions contained in the ordinance granting her right of way.    All this was necessary on the part of the city to prove, and if she did not prove it, as she could not have done if the company had performed her duty in the premises, or if she had attempted to do so, as the railroad company could have successfully contradicted it under the general denial, the matters set up in the fifth, as well as in the third parapraph of the appellant's answer were admissible for her to prove under the general denial, and hence no harm could result to the appellant, either from the sustaining of a motion to strike the same out or from the sustaining of a demurrer to

the same. And the decision of the court being right at the time when made, the subsequent withdrawal of the general denial could certainly not reinstate either of the special answers, unless the matter was again brought to the attention of the court, and leave therefor had been asked of the court, and leave refused without just ground. Nothing of the kind was done, however, and, of course, the *ex parte* action of a party subsequent to a ruling against him, which was right or harmless and of no injurious consequence when made, cannot make such ruling wrong and erroneous. But even assuming the fifth paragraph of the answer to be an affirmative plea, not covered by the general denial, was the answer itself a valid defence?

It is true, that the answer sets up that the railroad company, whenever their work was laid upon or across any of the said streets or alleys, made all necessary crossing places for the convenient passing over said road with horses, teams, etc.; and where the grade of said road was higher than such streets or alleys, they filled up on each side of their road, to form a convenient passage over the same; but it does not set forth specially how and in what manner she constructed the street crossings, etc., so as to show that she had in fact complied with the requirements of the ordinance. It is affirmatively averred in the complaint, what was necessary to be done at street and alley crossings, to make them so as to be convenient for passing over the railroad with horses, teams, etc., and also, what was necessary to be done where the grade of the railroad was higher than such streets or alleys, to form a convenient passage over the same, and that the railroad company had not done it. In this answer appellant does not deny what the relatrix alleges was necessary to be made and done; thus admitting the truth of the allegations of the complaint. Nor does she aver that what was thus necessary to be made and done was, in fact, made and done by her. Was it not necessary, and the duty of the company, as matter of law, and as a correct interpretation of the provisions of said ordinance, that where any grading

was required to be done by the railroad company, the whole line of, as also the whole width of, the street affected should be replaced in a conveniently passable condition? Streets have their centers for teams, their gutters for drainage, and their sidewalks for pedestrians. If, then, before the laying of a railroad across a street, it had its center graded for teaming, its gutters paved for drainage, and its side-walks fixed for foot-passengers, and the railroad company obtaining a right of way across such street upon condition that she replace the street in as conveniently passable condition as the same was before the laying of her track across the street, what is the fair interpretation of the condition? Indeed, without any ordinance or condition to that effect, what is the fair legal duty of the company to do? It seems to us there can be but one answer, and that is to replace things, as nearly as the nature of the case will admit of, in the same condition in which they were before. And hence, a railroad company crossing a street upon a high embankment must either leave a convenient passage way underneath, or else make a crossing over, of full width, and of an easily ascendible and descendible grade, and flush with the rails of the road. Nothing less can satisfy the just and legal rights of the public to use and enjoy their public highways, free of obstructions and impediments, to their full extent, particularly in a city. That a railway company, when they alter the course or grade of a highway, in, upon, or across which they constructed their railway, must restore the highway to its former full width, under a clause in their act of incorporation to the same effect as the duty enjoined upon the appellant in said ordinance, and that a writ of mandate, to compel the performance of such duty, lies against such railway company, has been so held by the English courts, in a number of cases. *Regina* v. *The London and Birmingham R. W. Co.*, 1 Railw. Cas. 317; *Regina* v. *The Birmingham and Gloucester R. W. Co.*, 2 Railw. Cas. 694; 2 Q. B. 47; 2 Railw. Cas. 711; 1 Railw. Cas. 523; 3 Q. B. 528.

The complaint also alleges that by law, and under the pro-

visions and conditions contained in said ordinance granting
to the company right of way in, upon, and across the streets
and alleys in the complaint mentioned, wherever their work
was laid upon or across any such street or alley, in order to
make and keep up all necessary crossing places for the con-
venient passing over said road with horses, teams, etc., it
was necessary and the duty of the appellant to lay the rails
of the road flush with the street by imbedding them, or to
make the crossing flush with the rails by planking on the
sides thereof or otherwise; but that the appellant had also
failed and refused to so lay the rails of her road; and the
motion and prayer of the complaint embraces a motion and
prayer for a mandate against the railroad company, compel-
ling the laying of the rails of the road flush with the street
and alley crossings. It is nowhere affirmatively alleged in
either the third or fifth paragraph of the answer, that that
was done by the company, or that it was not necessary to be
done, or that it was not the duty of the company to do that,
and the answers each being directed to the whole complaint,
but failing to answer a material part of the complaint, in it-
self a substantial and sufficient cause of action even if the
answers were otherwise valid, were also on that account in-
sufficient. And for the several defects in the averments of
each of the third and fifth paragraphs of answer herein
above pointed out, taking them as affirmative pleas, both
were insufficient and bad on demurrer. And although, tech-
nically, the sufficiency of the fifth paragraph of answer, as
an affirmative plea, should not have been tested on motion
to strike it out, but by a demurrer, for want of sufficient
facts; and taking the third paragraph of answer as a nega-
tive plea, a motion to strike it out, instead of a demurrer,
should have been directed to it; yet a correct result either
having been reached or being still attainable under another
paragraph of answer as to both these pleas at the time of
the rulings thereon by the court, the appellant will not be
permitted to complain of such technical errors, nor will this
court reverse the judgment on account of such errors,

merely. The rulings of this court upon this point are so numerous and well remembered, that a reference thereto is not deemed necessary.

The venue of the cause was changed to Ohio county, but, by agreement of parties, was certified back to Dearborn county, and, by leave of court, the railroad company withdrew the general denial; and she refusing to make further answer, the court ordered and adjudged that the railroad company be, and she was, ordered and commanded forthwith, without any delay, to so construct, level, and grade the said embankments and the said railroad, side-tracks, and switches, built, erected, and constructed in and upon the said streets in the complaint mentioned, so as to make such streets, the full length and width thereof, of a grade flush with such embankments, railroad, side-track, and switches, and to fill up on the sides of such embankments, side-track, and switches, and at such street and alley crossings, so as to make the grade of such streets and alleys (excepting the alley next southeast of and running parallel with William street in said city), across which such embankments and the railroad, side-tracks, and switches, built thereon, are built, erected, and constructed, the whole width of such streets and alleys, of an easy and convenient grade for crossing such embankments and the railroad, side-tracks, and switches built thereon, such grade not to exceed three degrees; and at all points to make the rails laid in and upon and across such streets and alleys (except the alley next south-east of and running parallel with William street in said city), level and flush with the same, so that the passage and repassage of vehicles and persons in, upon, and across the same may not be prevented or obstructed, or be impracticable or difficult, but so that the same may be passable and convenient for all proper public uses, as moved and prayed for in the said complaint; and that a peremptory writ of mandate do forthwith issue against the railroad company, to compel the performance by her of the acts required and commanded to be performed by such order and judgment, etc.

. We are of the opinion that the court committed no error. in overruling the demurrer to the complaint, or in sustaining the demurrer to the third and fifth paragraphs of the answer.

The judgment is affirmed, with costs.

*D. S. Major* and *O. B. Liddell*, for appellant.

