Clawson, Township Trustee, *v.* The Chicago and Great Southern R. W. Co.

No. 11,316.

## CLAWSON, TOWNSHIP TRUSTEE, *v.* THE CHICAGO AND GREAT SOUTHERN RAILWAY COMPANY.

RAILROAD.—*Construction of.—Crossing Highway.—Change of Highway.—Appropriation.*—Under section 3915, R. S. 1881, a railway company may construct its railroad over or across a public highway, and, where an embankment or cutting occurs, may make a change in the line of such highway, if necessary or desirable, and may take such lands for the construction of such change of highway, as may be deemed requisite, by purchase or gift, or by appropriation.

PLEADING.—*Insufficient Complaint.—Bad Answer.—Demurrer.*—Where the complaint is insufficient, it is immaterial whether a paragraph of answer is or is not sufficient to withstand a demurrer, for a bad answer is good enough to a bad complaint. In such case, where the plaintiff appeals, intervening errors are harmless, and the judgment must be affirmed.

From the Warren Circuit Court.

*T. F. Davidson* and *W. B. Durborrow,* for appellant.

HOWK, C. J.—In this case the appellant, Clawson, the plaintiff below, alleged in his complaint that he was the trustee of Warren civil township, in Warren county, and the appellee was a corporation organized under the laws of this State, and was then engaged in constructing its line of railroad in and through Warren township; that the board of commissioners of Warren county, at its March term, upon the petition of Wesley Waldriss *et al.,* located and established, and ordered to be opened and kept in repair, a certain highway in Warren township, particularly described in appellant's complaint; that such highway was laid out and opened in compliance with law, and had been used since that time as a public highway, and, as such, was under the control of the appellant, as trustee of said township. The appellant further averred that the appellee was constructing its railway at and in Warren township, over and against the aforesaid public highway, and in constructing such railway great masses of dirt, boulders, stone and brush were being thrown upon such highway, ren-

dering the same impassable and of no use to the public; that the appellee was constructing, and, if not enjoined, would continue to construct its railway along and on top of the aforesaid public highway, and by grading and filling, and by laying dirt, stone and brush on top of such highway, were rendering the same impassable, so that the public could not use it without great personal danger, and danger to animals driven thereon.

And the appellant further averred, that, as the trustee of Warren township, he made a demand upon the appellee's superintendent, workmen and contractors, and at the appellee's office, but the appellee's employees, in a rude, insolent and angry manner, refused, and had since refused, to comply with the demand made upon them to cease obstructing said highway; that the appellee had no right in and on said highway, for the uses to which it was being put for constructing its railway; and that the appellee had never, in any way, acquired the right to enter upon or use said highway, for the purposes of its railroad, or otherwise. Wherefore the appellant prayed for a perpetual injunction, etc.

The cause was put at issue and tried by the court, and a finding was made for the appellee; and, over the appellant's motion for a new trial, the court rendered judgment against him for the appellee's costs.

In this court, the appellant's learned counsel first complain, in argument, of an alleged error of the court in overruling his demurrer to the second paragraph of appellee's answer. In this paragraph of its answer, the appellee alleged that, in the construction of its line of railway over, across and along said highway, and in making such cuttings and embankments for its railway, it became most expedient for the appellee, in order to make said highway more easy of ascent and descent, and safe for travel, to take additional lands bordering along said highway whereon to construct said highway; all of which the appellee had done, and had constructed the highway on such new line and the same had

been securely fenced, so as to make the said highway safe and easy of travel; and that the appellee would turn said highway over in due form at once; wherefore, etc.

The appellee's counsel has not favored us with any brief or argument, in support of the decision of the court in overruling appellant's demurrer to the second paragraph of answer. We learn, however, from the brief of appellant's counsel, that the answer was framed, and the court held it to be sufficient, under the provisions of section 3915, R. S. 1881, in force since May 6th, 1853. This section of the statute provides as follows: "Whenever the track of such railroad shall cross a road or highway, such road or highway may be carried under or over the track, as may be most expedient; and in cases where an embankment or cutting shall make a change in the line of such road or highway desirable, with a view to a more easy ascent or descent, the said company may take such additional lands for the construction of such road or highway, or such new line, as may be deemed requisite by said directors. Unless the lands so taken shall be purchased or voluntarily given for the purposes aforesaid, compensation therefor shall be ascertained, in the manner in this act provided, as nearly as may be, and duly made by such corporation to the owners and persons interested in such lands; and the same, when so taken and compensation made, shall become part of such intersecting road or highway, in such manner and by such terms as the adjacent parts of such highway may be held for highway purposes."

Under these statutory provisions, we are of opinion that the facts stated in the appellant's complaint were wholly insufficient to constitute a cause of action in his favor against the appellee, or to entitle him to the interposition of the strong right arm of the law in his behalf. It is not a material question, therefore, in this case, whether the second paragraph of appellee's answer was or was not sufficient to withstand the appellant's demurrer thereto; for it is well settled

that even a bad answer is a good enough answer to a bad complaint. *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102; *Tyler* v. *State, ex rel.*, 83 Ind. 563; *State, ex rel.*, v. *Porter*, 89 Ind. 260.

Under the statute, fairly construed, the appellee had the legal right in constructing its line of railway, if deemed requisite or necessary by its directors, to do just what the appellant charged that it did in his complaint, with reference to the public highway. But, in so doing, it became the duty of the appellee, under the statute, to take such additional lands as were necessary for the construction of such highway, and thereon to construct it. In the second paragraph of its answer, the appellee claimed that it had discharged this duty; but if it has not, we think it can be compelled to do so by mandate. *Indianapolis, etc., R. R. Co.* v. *State, ex rel.*, 37 Ind. 489; *State, ex rel.*, v. *Demaree*, 80 Ind. 519.

The appellant's counsel also complain, in argument, of the alleged error of the court in overruling his motion for a new trial. It is insisted that the trial court erred in excluding evidence offered by appellant to establish the facts alleged in his complaint. But, as we have reached the conclusion that the facts stated in the complaint were not sufficient to constitute a cause of action, it is manifest that the error of the court, if any, in excluding evidence offered to establish such facts, was at most a harmless error. Where the plaintiff appeals, as in this case, and the record shows he has no cause of action against the defendant, intervening errors, if any, must be regarded as harmless and the judgment must be affirmed. *Fell* v. *Muller*, 78 Ind. 507.

The judgment is affirmed, with costs.

Filed April 19, 1884.