NATIONAL WATER-WORKS CO. OF NEW YORK *v.* CITY OF KANSAS.

*(Circuit Court, W. D. Missouri.* October 22, 1886.)

MUNICIPAL CORPORATION—CONTROL OF STREETS—WATER COMPANY—SEWER.
 A water company laying its pipes in the streets of a city, under a contract with the city, does so subject to the right of the city to construct sewers in said streets whenever and wherever the public interest demands; and if, in consequence of the exercise of this right, the company is compelled to relay its pipes, it can maintain no claim therefor against the city, unless the action of the city is unreasonable or malicious. An allegation that the sewer might have occupied other space in the street is not equivalent to an allegation that the city acted unreasonably or maliciously.

Action for Damages. Demurrer to petition.

*T. A. F. Jones,* for plaintiff.

*Scarritt & Alderson,* for defendant.

BREWER, J. This is an action for damages. The plaintiff is the owner of the Kansas City Water-works, and the facts upon which the claim is founded are these: In 1883 plaintiff laid a water-pipe on East Eighth street. This was a street whose grade had been established, and the plaintiff was directed by the city to lay a water-pipe therein, and the same was laid, in the place and manner directed by the city. In the year 1884 the city dug a sewer on said

Eighth street, in the same part of the street in which the plaintiff's water-pipe had been laid, in consequence whereof the plaintiff was compelled to take up and lay its pipe in another place. It is alleged that there was ample room and space for said sewer elsewhere in said street, and where it could be easily and safely located. For the cost and expense of this relocation and relaying of its water-pipes this action is brought.

By an act of the legislature of 1873, the city of Kansas was authorized to construct water-works, or to grant to any person or corporation the right to erect and operate such water-works, upon such terms and conditions as should be agreed on in a contract therefor. In the fall of that year an ordinance was passed authorizing the plaintiff to construct such water-works, the provisions of which, being accepted by the plaintiff, constituted the contract between the parties. In this ordinance it was provided as follows: "The city reserves to itself the right, at all times, to make and enforce all reasonable and proper regulations as to the place where pipes may be laid in streets, avenues, lanes, alleys, and public highways, and the conducting of all operations thereon and therein by said company." Also that "the city of Kansas, by its authorized agent or agents, shall have a right to designate on what streets, avenues, lanes, or alleys water-pipes shall be laid and fire hydrants placed, and the places at which the said hydrants shall be located; but said company shall not be required to lay pipes on any street, avenue, lane, or alley on which the grade shall not have been established; and the places for the location of hydrants shall be designated by the city, as aforesaid, at such times and in such manner as not to impede or interfere with the laying of pipes by the company." By article 9 of the amended charter of Kansas City the common council was given general control of the sewerage system, and authorized to construct public, district, and private sewers.

Upon these facts the question is presented whether the city incurred any liability for so constructing a sewer as to interfere with and compel the relaying of the water-pipe of the plaintiff, once laid in the place and manner by it directed. The amount in controversy is small, but the question involved is important. The plaintiff contends that by this contract it was bound to lay its water-pipe in this street; that it did lay it in the place and manner by the city directed, and thereby acquired such a vested property right in an undisturbed location and possession that any future trespass upon or invasion thereof, like any other attack upon private property, would subject the city to an action for damages; while the contention of the city is that the matter of sewerage is one affecting the public health; that it could not if it would, and it did not if it could, contract away the right to construct sewers in any part of the public streets it might deem necessary; and that the plaintiff took its contract right to lay its pipes in the public streets subject to the paramount and inalien-

able right of the city to construct its sewers wherever therein, in its judgment, the public interests demanded.

I think the contention of the city is correct. Sewerage is a matter unquestionably affecting largely the public health, and no municipality can make a contract divesting or abridging its full control over such matters. No more marked illustration of this can be found than in the famous *Slaughter-house Cases.* In 1869 the legislature of Louisiana granted to a corporation the exclusive right for a term of years, to have and maintain slaughter-houses within a certain prescribed territory. In *Slaughter-house Cases,* 16 Wall. 36, the supreme court sustained the validity of this act in a controversy between the corporation and certain butchers doing business within the prescribed territorial limits. Subsequently, and before the expiration of the term for which the charter was granted, legislation was had abolishing the exclusive privileges, and permitting, upon certain terms, other slaughter-houses. The validity of this legislation was challenged as impairing the obligations of a contract, but in the case of *Butchers' Union Co.* v. *Crescent City,* 111 U. S. 746, S. C. 4 Sup. Ct. Rep. 652, the supreme court unanimously sustained it on the ground that it involved the matter of the public health, and that no legislature, and I may add, *a fortiori,* no municipality, could contract away its right of control in respect thereto.

The contract between the plaintiff and the defendant must be interpreted in the light of this well-established rule; and, so interpreted, the plaintiff took its right to lay its pipes in the streets of the city subject to the paramount and inalienable right of the city to construct sewers therein whenever and wherever, in its judgment, the public interest demand. Laying its pipes subject to this right of the city, it has no cause of action if, in consequence of the exercise of this right, it is compelled to relay its pipes. It is true that the petition alleges that there was ample room in the street for such sewer, and it may be that any malicious or unreasonable action by the city in the exercise of the right to construct sewers, working damage to the plaintiff, may be the foundation of a claim for damages. But the city is presumed to act without malice, to act reasonably, and as, in its judgment, the interests of the public demand. The mere fact that there is other space which might be occupied by the sewer, while it may be a circumstance tending to show, does not of itself prove, that the city acted maliciously or unreasonably. Hence the allegation, as it stands, is not such a one as of itself exposes the city to liability. Under these circumstances the demurrer to the petition must be sustained.