Filed July 10, 1888.

---

No. 14,290.

Cummins, Trustee, ex rel. Mahan, *v.* The Evansville and Terre Haute Railroad Company.

Highway.—*Obstruction of.—Railroads.— Practice.— Mandate.—Statute Construed.*—The provisions of section 3903, R. S. 1881, confer upon a railroad company, duly incorporated, authority to construct its railroad track over and across a public highway; but such company is required to restore such highway to its former state, in a sufficient manner not to unnecessarily impair its usefulness, and the performance of such duty may be compelled by mandate.

Same.—*Statute Construed.*—The provisions of section 23 of "An act concerning highways," passed March 2d, 1883 (Acts 1883, p. 62), do not apply to a case where a railroad company, having constructed a track upon a public highway, fails to restore such highway to its former condition of usefulness, and in such case an action for the statutory penalty provided for in such section will not lie.

From the Sullivan Circuit Court.

*W. C. Hultz, O. B. Harris* and *J. S. Bays,* for appellant.

*J. E. Iglehart* and *E. Taylor,* for appellee.

Howk, J.—This suit was commenced by appellant, Cummins, trustee of Jackson township, of Sullivan county, upon the relation of William H. Mahan, supervisor of road district No. 2 in said township, as plaintiff, against the appellee as defendant, before a justice of the peace of said county.

From the justice's judgment the cause was appealed to the court below. There defendant's demurrer to the complaint herein, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained. Plaintiff declined to amend his complaint or plead further, and thereupon the court adjudged that he take nothing by his suit, and that defendant recover of him its costs expended herein.

In this court error is assigned by plaintiff upon the sustaining of the demurrer to his complaint herein.

In his complaint plaintiff alleged that the defendant, on the 31st day of August, 1886, and on each and every succeeding day until the 9th day of October, 1886, unnecessarily and to the hindrance of passengers, obstructed a certain public highway in road district No. 2 of Jackson township, in Sullivan county, described as follows, to wit: (Description omitted), by then and there, and all of said time, building, constructing and maintaining a railroad track in, upon, along, across and over said highway, and by then and there, and all of said time, running and operating trains of cars, engines and locomotives upon and over said line of railroad track in such a manner as to then and there, and all of said time, interfere with the free use of said highway, and not to afford security for life and property; that the defendant then and there, and all of said time, utterly failed in every particular to restore said highway, so intersected, to its former state, and failed in every particular to restore said highway, so intersected, in a sufficient manner so as not to interfere with or impair its usefulness, or injure its franchises. Wherefore plaintiff demanded judgment for $175, for an attorney's fee of five dollars for his attorney, and for all proper relief.

In the absence of averment to the contrary, it must be assumed, we think, that appellee was incorporated as a railroad company, under the provisions of the general laws of this State providing for the incorporation of such companies, and was and is possessed of the general and special powers which

those laws expressly confer upon such corporations, "subject to the liabilities and restrictions" expressed therein.

Among the powers so conferred, in the *fifth* clause of section 3903, R. S. 1881, in force since May 6th, 1853, and still in force, it was and is provided that such a corporation shall possess the power " to construct its road upon or across any * * * * * highway, * * * so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the * * * highway, thus intersected, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness," etc. Under this clause of the statute, we are of opinion that appellee was fully authorized to build, construct and maintain its railroad track over and across the highway described in the complaint herein, and to operate its line of track by running engines and trains of cars thereon. But it became and was appellee's duty, under the statute, to restore such highway to its former state, or in a sufficient manner not to unnecessarily impair its usefulness. For the non-performance of this duty, the general laws of this State for the incorporation of railroad companies provide no penalty and prescribe no remedy. It has been held by this court, however, and correctly so, we think, that the performance of such duty by the railroad company may be compelled by mandate. *Indianapolis, etc., R. R. Co.* v. *State, ex rel.,* 37 Ind. 489 ; *State, ex rel.,* v. *Demaree,* 80 Ind. 519 ; *Clawson* v. *Chicago, etc., R. W. Co.,* 95 Ind. 152.

On the 2d day of March, 1883, an act of the General Assembly of this State was approved and became a law, entitled "An act concerning highways and supervisors thereof." In section 23 of such act, so far as it can be claimed to apply to the case under consideration, it is provided as follows: "Any person who shall * * * * unnecessarily, and to the hindrance of passengers, obstruct any highway, * * * for

every such offence such person shall forfeit the sum of five dollars, to be recovered before a justice of the peace of the county, in the name of the trustee, by the supervisor of the district, and, in case of such obstruction, for every day the same is continued, such sum shall be recovered, and, in all such cases, such supervisor, within three days after receiving information of any such forfeiture, shall commence such suit, and the sum recovered thereon shall be paid to the trustee of the township for the benefit of the highways of such districts: *Provided,* That in such actions the justice of the peace shall tax, as costs, in all such cases where judgments are rendered, the sum of five dollars as attorney's fees for plaintiff's attorney."

It is manifest, we think, from the averments of the complaint herein, the substance of which we have heretofore given almost in the language of the pleader, that it was drawn upon the theory that appellee was liable to the penalty or forfeiture prescribed in the section quoted of the above entitled act of March 2d, 1883, not for its obstruction of the highway, but for the non-performance of its statutory duty to restore such highway to its former state, or in a sufficient manner not to unnecessarily impair its usefulness. We are of opinion that this theory is radically wrong, and can not be sustained.

Appellee had the right, under the law of its incorporation, to obstruct the highway by building, constructing and maintaining its railroad track on, over and across the same, and to operate its trains of cars thereon, as charged in the complaint herein. It was appellee's duty, under its charter, to restore such highway to its former state, or in a sufficient manner not to unnecessarily impair its usefulness. The complaint avers, and the demurrer admits, that appellee failed to perform its statutory duty in the premises; but neither the general laws for the incorporation of railroad companies, nor the aforesaid act of March 2d, 1883, have prescribed any penalty or forfeiture for such failure to perform such duty.

Our conclusion is, that the court below committed no error in sustaining the demurrer to the complaint herein.

The judgment is affirmed, with costs.

Filed Sept. 20, 1888.