LAKE ERIE & W. R. CO. v. SMITH et al.

(Circuit Court, D. Indiana.    June 14, 1894.)

No. 9,049.

CONCLUSIVENESS OF JUDGMENT—JURISDICTION OF STATE AND FEDERAL COURTS.
     The judgment of an Indiana court, on the appeal of a railroad company from the action of county drainage commissioners, is conclusive in respect to the benefits and damages accruing to a railroad from the improvement of an unnavigable stream which passes under the track; and although the judgment assesses benefits, but no damages, a federal court has no jurisdiction to enjoin the making of the improvement, on the ground that the company is engaged in interstate commerce, is carrying the mails, and that the use of the road will be interrupted, and the company put to great expenses in rebuilding its bridge.

This was a suit by the Lake Erie & Western Railroad Company to enjoin F. J. Smith and Robert Cluggish from constructing a ditch under complainant's tracks.

Miller, Winter & Elam, W. E. Hackedorn, and John B. Cockrum, for plaintiff.

M. E. Forkner, for respondents.

BAKER, District Judge. This is a bill for the purpose of enjoining Robert Cluggish, as drainage commissioner of Henry county, Ind., and F. J. Smith, contractor, from constructing a ditch known as "Big Buck Creek Ditch," located in portions of the counties of Henry and Delaware, in said state, in the manner in which they are engaged and threatening to construct the same. The complainant alleges that the defendants are engaged in the construction of a ditch, employing therefor a heavy dredging machine, which floats in the water of said stream, and, by means of engines and machinery, it is used for the purpose of digging out and deepening the said stream. It is alleged that the complainant is a railroad company, engaged in interstate traffic and in carrying the United States mails, and that the construction of the ditch by means of said dredging machine will require the removal of a portion of the bridge of said company which has been constructed over and across said stream, and that, by means thereof, the use of the railroad as a common carrier will be interrupted, and it will be put to large expense in rebuilding said bridge.

Upon the filing of this complaint, a temporary restraining order was issued until a further hearing could be had. Afterwards, on the 4th day of June, 1894, the defendants moved the dissolution of the temporary restraining order, and filed a number of affidavits in support of their motion. It is shown by the defendants that on the 10th day of November, 1891, Elisha Clift and others filed their petition in the circuit court of Henry county, Ind., for the establishment and construction of a ditch or drain under and pursuant to the provisions of an act of the legislature of the state approved April 6, 1885. The work contemplated the straightening, widening, and deepening of a stream and water course known as "Buck Creek" for a distance of about 14 miles, commencing in the northern

part of Henry county, and extending north and west near the city of Muncie, and ending about 2½ miles west of Muncie, and some 3 or 4 miles from where said stream empties into White river. That along the line of said ditch there are in the neighborhood of 100 landholders, or more, who would be affected by the same, and from 500 to 800 tracts of land would be affected thereby. That said landholders, including the complainant in this suit, were made parties to this proceeding, and due notice was given and served upon them of the time of the docketing of said petition, as required by law. That, at the proper time for the hearing of said petition, the same was heard by the circuit court of Henry county, and was referred, as required by law, to the drainage commissioners of said county. That thereupon the said drainage commissioners, having met at the time and place required in the order of reference, proceeded to locate the proposed work, and to determine the nature and character thereof, and to make the proper specifications and estimates in all respects as required by law, and proceeded to view and determine the amount of benefits and damages that would arise to each tract of land and roadway affected thereby, including the right of way of the complainant which the proposed ditch crosses in the bed of said stream, a short distance south of Muncie, in Delaware county. That afterwards, on the 26th day of April, 1892, said drainage commissioners filed in the court their report in writing, as required by law, showing the commencement, terminus, and course of said ditch, together with full and accurate specifications of its size, depth, and grade, the estimated cost of the same, and the amount of benefits and damages to each tract of land affected thereby, among which there were assessed to the complainant in this case benefits to the amount of $225, and no damages. That on May 5, 1892, and within 10 days after the filing of said report, the complainant in this cause appeared in said court, and filed its remonstrance against the assessments so made, on the ground—First, that the same were excessive, unfair, and inequitable, as compared with assessments made against other persons and other property found to be benefited by said ditch or drain; second, for the reason that the private drain constructed and kept in repair by the complainant along the line of its railroad furnished ample drainage for its property; third, for the reason that no benefit or advantage would accrue to the complainant commensurate with the amount of assessment made against it; fourth, for the reason that, in assessing benefits and injuries or damages to the complainant, no allowance was made of damages to it for the costs and expense to which it would be put by reason of making a proper passageway under its railroad track for said Buck creek improvement. That said remonstrance was afterwards heard by the circuit court of Henry county, and, after such hearing, it was adjudged by the court that the complainant would be benefited in the sum of $125 by the construction of said ditch, and would not be damaged in any sum whatever. The judgment so rendered by the Henry circuit court remains in full force and effect.

It is insisted by the defendants that the circuit court of Henry

county, Ind., had jurisdiction over the subject-matter and the parties, and that its judgment that no damages would accrue to the complainant is conclusive, and that the question cannot be examined in any other court in a collateral proceeding. The general principle of law is well settled that a subsisting judgment in a court which had jurisdiction of the person and subject-matter is binding, at least upon all who were parties, and constitutes a sufficient justification for all acts done in its enforcement until it is reversed or set aside by competent authority. Thompson v. Reasoner, 122 Ind. 454, 24 N. E. 223; Gray v. Brignardello, 1 Wall. 627. The state court had jurisdiction of the complainant, and also of the subject-matter of the benefits which would accrue, as well as the damages which would be suffered by the complainant in the construction of the proposed ditch. If the decision of the state court that the complainant would suffer no damage from the construction of the ditch were erroneous, the only remedy open to the complainant was by appeal to the supreme court of the state, and this court has no power whatever to determine that question. The court is bound to presume that every question which might have been litigated between these parties was properly presented to and adjudicated by the court. It was certainly competent for the state court to determine the question of damage which might be suffered by the complainant by reason of the construction of the ditch in any lawful manner, and the presumption is that the court did consider and pass upon the question.

The defendants further insist that the law of the state has conferred no power upon the drainage commissioner to expend money raised by assessment for the construction of a ditch, or for the purpose of building or repairing any bridge over the ditch so constructed by him. It has been held that a drainage commissioner appointed under the law of this state has no power, by virtue of the law, to build a bridge over a drain constructed by him, and pay for it out of the fund resulting from assessments against the landowners benefited by the construction of the drain. Rigney v. Fischer, 113 Ind. 313, 15 N. E. 594. It would seem that the authority conferred upon a railroad company, by the law of its organization, to cross any stream of water in the line of its road, coupled with the duty to restore the stream so crossed to its former state, or such state as not to impair its usefulness, applies to streams not navigable, as well as to those that are navigable, because legislative authority is as necessary in the one case as the other. Railroad Co. v. Moffitt, 75 Ill. 524. The duty of a railroad to restore a stream or highway which is crossed by the line of its road is a continuing duty; and if, by the increase of population or other causes, the crossing becomes inadequate to meet the new and altered conditions of the country, it is the duty of the railroad to make such alterations as will meet the present needs of the public. Cooke v. Railroad Co., 133 Mass. 185. Under a fair construction of section 3903, Rev. St. Ind. 1881, it is the duty of a railroad company to construct its road where it intersects any highway or stream in such manner as to afford security for life

888 FEDERAL REPORTER, vol. 61.

and property; and this is so whether the way is laid out and opened before or after the construction of the railroad. Railway Co. v. Smith, 91 Ind. 119; National Waterworks Co. v. City of Kansas, 28 Fed. 921. It is not necessary in this case to determine whether this continuing duty, in the absence of the adjudication of the state court, would require the railroad company to alter and restore its bridge so as to accommodate the construction of the ditch in question or not. In my judgment, the court cannot examine the question of damage to the complainant arising from the construction of the ditch or drain, or the manner in which it is authorized to be constructed by the state court, for the reason that these questions have been passed upon by the state court; and that court, or some other court of the state, alone, has the power to review the question of damages.

From these considerations, it results that the temporary restraining order must be dissolved; and it is so ordered.