STATE OF INDIANA ex rel. CITY OF MUNCIE v. LAKE ERIE & W. R. CO.

(Circuit Court, D. Indiana.  November 10, 1897.)

1. RAILROAD CROSSINGS—DUTY OF RESTORATION.
    The duty imposed by the Indiana statute (2 Burns' Rev. St. 1894, § 5153, par. 5; Rev. St. 1881, § 3903) on a railroad company to restore any highway crossed by its road to a condition of safety and convenience for public traffic is a continuing one, and includes the duty of maintaining the crossing in such manner as not to unnecessarily impair the convenience, safety, and usefulness of the highway; and where, by reason of the growth of a city and the extension of the city limits, such highway becomes one of its principal streets, and the crossing thereby becomes inconvenient and dangerous, it is the duty of the railroad company so to reconstruct the crossing as to be safe and convenient under the changed conditions, even though the crossing was safe and sufficient when first constructed.

2. TITLE OF COMPLAINT—DEMURRER.
    The title of a complaint constitutes no part of the cause of action, and a defect therein cannot be reached by demurrer.

3. MANDAMUS—WHEN ISSUED.
    Mandamus will lie to require a railroad company having its tracks upon, across, or along the streets or alleys of a city to so construct and maintain the crossings as to render the use of the said streets and alleys and crossings suitable, convenient, and safe for the public.  The fact that the company is liable to indictment for the obstruction, or that a penalty may be recovered from it, or that the city may construct a suitable crossing and recover its costs, is no reason why a writ of mandamus should be denied; none of these methods of procedure affording a remedy as convenient, beneficial, and effective as the proceeding by mandamus.

This suit was commenced in a state court by the city of Muncie, Ind., to procure a writ of mandamus against the Lake Erie & Western Railroad Company, and was removed to this court by the defendant.

Rollin Warner, for plaintiff.

Miller & Elam, W. E. Hackedorn, and John B. Cockrum, for defendant.

BAKER, District Judge.    This suit was begun in the circuit court of Delaware county, in the state of Indiana, to procure a writ of mandamus to compel the change and reconstruction of an overhead crossing constructed by the defendant upon one of the streets of the city of Muncie, which crossing is alleged to be an unlawful and unnecessary obstruction of the traveling public having occasion to use the street.    On the application of the defendant the case was removed from the state court into this court.    The defendant, after such removal, moved the court to require the relator to strike out portions of the complaint as redundant and surplusage, and to file a complaint omitting such unnecessary and redundant matter.    This motion was sustained, and in obedience to the order of the court the relator filed a condensed and substituted complaint, to which the defendant has interposed a demurrer on the ground that it does not state facts sufficient to entitle the relator to the mandatory relief asked for.

It is first urged that the condensed and substituted complaint is entitled, as was the original, in the circuit court of Delaware county, Ind., when it ought to have been entitled in this court.    Assuming, but not deciding, that the condensed and substituted complaint should have been entitled in this court, the objection is unavailing. The title constitutes no part of the statement of the cause of action, and a defect therein cannot be reached by demurrer.    The objection is purely technical, and is one which might be reached by a motion to correct the title, or perhaps by a motion to strike the pleading from the files, but not by a general demurrer to the complaint for want of facts.

The complaint shows upon its face that at the time the railroad and crossing were constructed, in 1879, and at the time the present defendant came into the ownership and possession thereof, the crossing complained of was not within the limits of the city of Muncie, and that whatever rights the city has in the premises have been acquired since the construction of the railroad crossing, by the annexation, as a part of the city, of the territory which embraced the highway upon which the crossing complained of had been constructed.    The annexation took place in 1891.    The defendant's contention is that since the railroad and crossing in question were constructed in 1879, about 12 years before the territory including them was annexed to the city, the relator must take "the situation as it found it, and cannot now be heard to insist that the situation was in violation of law."    The relator is not concerned with the question whether the crossing, as originally constructed, or as it existed at the time the limits of the city were extended, was sufficient or insufficient to accommodate the public travel.    The question here involved is whether the crossing, at the time the suit was brought, constituted an unlawful obstruction of the highway.    When the crossing was constructed, in 1879, the highway was a country road, outside the city limits.    In 1891 the growth of the city required the annexation of contiguous territory, and thereby the highway and crossing were brought within its limits, and became one of its streets.    From a town of a few thousands, Muncie has grown to be a city of about 20,000 inhabitants, largely due to the discovery and development of natural gas.    The

highway in question has become one of the most important streets in the city, and the crossing, which may have been sufficient before the extension of the limits of the city and its great increase in population, has now become wholly insufficient to accommodate the public wants.

As stated by counsel, the crossing of the highway by the railroad was not per se unlawful. The statute for the incorporation of railroads, approved May 11, 1852, found in 2 Burns' Rev. St. Ind. 1894, § 5153 (Rev. St. Ind. 1881, § 3903), par. 5, provides that a railroad corporation shall have the power "to construct its road upon and across any stream of water, water course, road, highway, railroad or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the stream, or water course, road or highway, thus intersected, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises." The statute further provides that "whenever the track of such railroad shall cross a road or highway, such road or highway may be carried under or over the track, as may be most expedient." 2 Burns' Rev. St. Ind. 1894, § 5172 (Rev. St. Ind. 1881, § 5915). These sections are to be read together, and, thus read, they impose the duty of restoration on the company, whether the railroad crosses the highway at, above, or below grade. The duty thus imposed is also a common-law duty, incumbent upon the company without any statutory requirement. Indianapolis & C. R. Co. v. State, 37 Ind. 489; Railroad Co. v. Claire, 6 Ind. App. 390, 33 N. E. 918; Railroad Co. v. Crist, 116 Ind. 446, 454, 19 N. E. 310. The right to interfere with the highway is coupled with the duty to restore it to the condition of safety and usefulness in which it was before it was disturbed, or at least to restore it in such manner as not unnecessarily to impair its utility for public travel. This duty is violated if there is a failure to restore it to its former condition, in all cases where such restoration can be effected by the exercise of reasonable care and skill. The rule governing in such cases is well stated in 2 Wood, Ry. Law, § 271:

"Whenever an act is authorized to be done in a highway that would otherwise be a nuisance, the person or company to whom the power is given is not only bound to exercise it strictly within the provisions of the law, but also with the highest decree of care to prevent injury to the persons or property of those who may be affected by such acts. Hence, where a railroad company has been permitted to lay its track along or across a highway, it is bound to the use of every reasonable precaution to prevent injury to those passing along the highway, or crossing its track that is laid along or across the highway; and, if it fails to exercise a proper degree of care,—not only such as is provided by the statute, but also such as is rendered necessary by the character of the obstruction and its location, having reference to a like reasonable care on the part of those approaching the obstruction,—it becomes a nuisance, to the extent of its injury to individual rights, and renders the company liable in damages for all the consequences."

The duty of restoration also includes the duty of maintaining the crossing in such manner as not unnecessarily to impair the convenience, safety, and usefulness of the highway. See authorities supra, and also Board of Com'rs of Franklin Co. v. White Water Val. Canal

Co., 2 Ind. 164; Railway Co. v. Phillips, 112 Ind. 59, 13 N. E. 132; Railroad Co. v. Clem, 123 Ind. 15, 23 N. E. 965; Cott v. Railroad Co., 36 N. Y. 214; Gale v. Railroad Co., 76 N. Y. 594; Masterson v. Railroad Co., 84 N. Y. 247; Gilmore v. City of Utica, 121 N. Y. 561, 572, 24 N. E. 1009; Com. v. Proprietors of New Bedford Bridge, 2 Gray, 339. The railroad company must so improve and maintain the crossing as reasonably to subserve the growing needs of the public. It does not perform the full measure of its duty by making a sufficient crossing over a highway, when by the growth of population and travel the crossing becomes inadequate to accommodate in a reasonable manner the increasing needs of the public. In the case of Railroad Co. v. Smith, 61 Fed. 885, 887, this court stated the duty of a railroad company as follows:

"The duty of a railroad to restore a stream or highway which is crossed by the line of its road is a continuing duty; and if, by the increase of population, or other causes, the crossing becomes inadequate to meet the new and altered conditions of the country, it is the duty of the railroad to make such alterations as will meet the present needs of the public. Cooke v. Railroad Co., 133 Mass. 185. Under a fair construction of section 3903, Rev. St. Ind. 1881 (section 5153, Burns' Rev. St. Ind. 1894), it is the duty of a railroad company to construct its road, when it intersects any highway or stream, in such manner as to afford security for life and property; and this is so whether the way is laid out and opened before or after the construction of the railroad. Railway Co. v. Smith, 91 Ind. 119; National Waterworks Co. v. City of Kansas, 28 Fed. 921."

This statement of the law is quoted with approval by the supreme court of this state in the case of Railroad Co. v. Cluggish, 143 Ind. 347, 350, 42 N. E. 743. The same doctrine is affirmed elsewhere. Little Miami R. Co. v. Commissioners of Greene Co., 81 Ohio St. 338; State v. St. Paul, M. & M. Ry. Co., 35 Minn. 131, 28 N. W. 3; English v. Railway Co., 32 Conn. 240; Railroad Co. v. Henry (Kan. Sup.) 45 Pac. 576; Manley v. Railway Co., 2 Hurl. & N. 840; Cott v. Railroad Co., supra; Gale v. Railroad Co., supra; Gilmore v. City of Utica, supra.

This duty rests upon the owner of the railroad, and must be performed by it at its own expense. If, by the growth of population, or otherwise, the crossing has become inadequate to meet the present needs of the public, it is the duty of the railroad company to remedy the defect by restoring the crossing so that it will not unnecessarily impair the usefulness of the highway. The cases cited by counsel for the defendant are not in conflict with the doctrine here announced, and a review of them would subserve no useful purpose.

It is further contended that mandamus, being an extraordinary remedy, will not lie, because relief for the wrong complained of can be had by the ordinary and usual processes of the court. It is said that under section 1970, 1 Burns' Rev. St. Ind. 1894 (section 1897, Rev. St. Ind. 1881), the railroad company may be prosecuted by indictment or information for erecting, continuing, or maintaining a public nuisance, and that the remedy by indictment or information is adequate, and hence that proceedings for a mandamus will not lie. And it is further claimed that this action is not maintainable because section 6837, 3 Burns' Rev. St. Ind. 1894, provides that any person who unnecessarily obstructs any highway, to the hindrance of public travel, shall be liable, at the suit of the road supervisor, to a penalty of five

dollars for every day such obstruction is continued. Counsel principally rely on the case of Marshall v. State, 1 Ind. 72, 74, where it is said:

"One of the principles of law governing applications for writs of mandamus is that they will not be granted where the party applying has a different legal remedy. Ex parte Hoyt, 13 Pet. 279; Ex parte Whitney, Id. 404; People v. Superior Court, 5 Wend. 114; Id., 10 Wend. 285; People v. Mayor, etc., of New York, Id. 393, 12 Petersd. Abr. 440."

The language here quoted states the rule somewhat too broadly. In order to justify the denial of a writ of mandamus, not only must the party have a different remedy, but that remedy must be equally as adequate, convenient, and complete as the proceeding by mandamus; and the case of Marshall v. State, supra, when carefully examined, will be found to decide nothing in conflict therewith. The controlling question is not, has the party a remedy at law? but, is that remedy fully commensurate with the interests and rights of the parties, under all the circumstances of the particular case? Or, as was said in one case:

"To supersede the remedy by mandamus, the party must not only have a specific remedy, but one competent to afford relief upon the very subject-matter of his application, and one which is equally convenient, beneficial, and effective as the proceeding by mandamus."

It is equally settled that neither liability to indictment nor to a penal action under the statute constitutes a bar to relief by mandamus. Such remedies, if remedies they may be called, are merely cumulative. 2 Dill. Mun. Corp. (4th Ed.) §§ 829, 831a; High, Extr. Rem. (2d Ed.) §§ 17, 20; 2 Spell. Extr. Relief, § 1375; Indianapolis & C. R. Co. v. State, 37 Ind. 489; Frisbie v. Fogg, 78 Ind. 269; Clawson v. Railway Co., 95 Ind. 152; Cummins v. Railroad Co., 115 Ind. 417, 18 N. E. 6. Mandamus proceedings will lie to require a railroad company, having its track upon, along, or across the streets or alleys of a city, to so construct and maintain the crossing of the track as to render the use of the streets and alleys and the crossing suitable, convenient, and safe for the public; and that the railroad company is liable to indictment for the obstruction, or that a penalty may be recovered from it, or that the city may construct a suitable crossing and recover its costs, is no reason why a writ of mandamus should be denied. None of those methods of procedure would afford a remedy so convenient, beneficial, and effective as the proceeding by mandamus. It follows that the demurrer must be overruled, and it is so ordered. Exception allowed.