ANN BARNUM, Administratrix, *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

June 14, 1883.

**Statutory Action for Injury Causing Death—Allegations of Damages.**
In an action under Gen. St. 1878, c. 77, § 2, the complaint, where it states the names of the next of kin, and how they were related to the deceased, with an allegation of damage to them, is sufficient, so far as pleading the damages is concerned.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren, J.,* presiding, overruling its demurrer to the complaint. The case is stated in the opinion.

*W. H. Norris,* for appellant.

The damages sustained by the next of kin should have been pleaded specially. General damages are such as the law implies or

presumes from the wrongful act. Special damages are such as really occurred, but are not implied by law. To recover for the latter they must be pleaded specially. 1 Chitty on Pl. (6th Ed.) 395–397; *Moore* v. *Meagher*, 1 Taunt. 39; *Laing* v. *Colder*, 8 Pa. St. 479. No fact is stated in the complaint from which the law can imply any damage to the next of kin. Deceased may have been a spendthrift, or a wreck and burden by reason of dissipation or disease. There is no allegation or suggestion that the deceased ever contributed, or was capable of contributing, a dollar towards the support of his next of kin, or that their circumstances required it. There is no suggestion of any reason why the death did or could cause pecuniary loss to any survivor. If such facts existed, then, because peculiarly within the knowledge of the next of kin, they ought, in fairness to the defendant, to be spread upon the record in pleading, that the defendant may prepare by investigation to admit or controvert them. *Laing* v. *Colder*, 8 Pa. St. 479; *Regan* v. *Chic. M. & St. P. Ry. Co.*, 51 Wis. 599; *Atchison, etc., R. Co.* v. *Brown,* (26 Kan. 443;) 6 Am. & Eng. Ry. Cases, 228, 238.

*Merrick & Merrick,* for respondent.

GILFILLAN, C. J. Action by an administratrix for negligently causing the death of her intestate. The complaint alleges that the deceased left no widow, legal issue, nor father, but left next of kin his mother and brother and sisters, giving the name of each, and alleges that this action is brought for the exclusive benefit of the said next of kin of the said deceased, and this plaintiff and the said next of kin of the said deceased, as aforesaid, have suffered damage by reason of the killing of said deceased in the sum of $5,000. A demurrer to the complaint was overruled. The particular objection to the complaint is that there can be no cause of action where there is no damage; that damages to the next of kin are not in such cases implied by law, but must be shown to have actually accrued; that they are, therefore, in their nature special, and must be specially pleaded. In other words, facts showing that damages in fact accrued, and how, must be set forth.

No case has been before this court requiring any decision of the question, nor of any necessarily involving it. It has been before the courts of other states upon statutes closely resembling ours. In *Saf-*

*ford* v. *Drew,* 3 Duer, 627, it was held that the complaint must show that there are persons who have sustained a pecuniary loss, which is undoubtedly correct. In *Regan* v. *Chicago, M. & St. P. Ry. Co.,* 51 Wis. 599, it was held that the damages must be specially pleaded, and that a complaint with only a general allegation of damage is not good. In *Johnston* v. *Cleveland & T. R. Co.,* 7 Ohio St. 337, and in *Chicago & Alton R. Co.* v. *Shannon,* 43 Ill. 338, it was held that upon such a complaint nominal damages, at least, can be recovered; and it appears to have been assumed by the court in *Oldfield* v. *N. Y. & H. R. Co.,* 14 N. Y. 310, and *Quin* v. *Moore,* 15 N. Y. 432. The latter decision we think most consonant with the terms and intent of our statute. It reads (Gen. St. 1878, *c.* 77, § 2:) "When death is caused by the wrongful act or omission of any party, the personal representatives of the deceased may maintain an action, if he might have maintained an action, had he lived, for an injury caused by the same act or omission. * * * The amount recovered is to be for the exclusive benefit of the widow and next of kin, to be distributed to them in the same proportions as the personal property of the deceased person." The statute assumes that the widow and next of kin have a reasonable expectation of pecuniary benefit, as of right or otherwise, and to a greater or less extent, from the continuance of life, which they lose by the act or omission causing the death, and this expectation is taken as the basis of the damages. As said by this court in *Schwarz* v. *Judd,* 28 Minn. 371, "the theory of the statute is that they have a pecuniary interest in the life of the deceased, and its object is to compensate them for their loss caused by his death." Such being the theory of the statute, it necessarily implies some damage from the death. And where, as in this case, the complaint states the names of the next of kin, and how they were related, with an allegation of damage to them, it is a sufficient pleading upon which to recover all the damages that can be recovered in such an action. To require the plaintiff to go further, and set forth in detail the various circumstances proper for a jury to consider in arriving at the amount of damage, would be requiring him to plead evidence.

Order affirmed.