NELS N. JOHNSON, Administrator, *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

December 5, 1883.

**Complaint for Negligence held Sufficient.**—A complaint which sets forth acts of negligence on the part of the defendant, and consequent injury to the plaintiff, states a cause of action, although it be not apparent from the complaint how the injury resulted from the negligence alleged.

**Railroad on Street—How to be Built and Operated.**—A railroad constructed through a public street should be so constructed as not to unnecessarily obstruct or render dangerous its use as a highway. It is a sufficient allegation of negligence that a railroad corporation "wrongfully and negligently" ran its locomotive and cars without having a brakeman at the forward end of the train.

**Pleading—Damages to Next of Kin of Person Killed.**—*Barnum* v. *Chicago, Mil. & St. Paul Ry. Co.*, 30 Minn. 461, followed as to pleading damages to next of kin from death caused by negligence.

Appeal by defendant from an order of the district court for Washington county, *Crosby*, J., presiding, overruling its demurrer to the complaint.

*James Smith, Jr.*, for appellant.

*Marsh & Searles*, for respondent.

DICKINSON, J. Action by the administrator of the estate of a person deceased, to recover·for the death alleged to have been caused by the negligence of the defendant. The defendant demurs to the complaint, upon the ground that it does not state facts constituting a cause of action. The negligence complained of was (1) that the defendant constructed and maintained its railroad through a street in the city of Stillwater, in such a manner that the rails and a portion of the ties were above the surface of the street, which was done without authority of law, and constituted a nuisance, and rendered the highway unsafe and dangerous for public use; (2) that the defendant refused and neglected to keep a flagman at a designated point where the railroad intersected the street, to warn persons travelling upon the street, although it had been required·so to do pursuant to.

the provisions of a city ordinance, which is pleaded in the complaint; (3) that the defendant "wrongfully and negligently" ran a locomotive and cars along the street, without any brakeman at the forward end of the train, whereby the horse after which the deceased was riding was frightened and became unmanageable, causing the carriage to strike the elevated rails of the track, throwing her out and upon the track, where she was killed by the train. It is further alleged that the death was caused by defendant's negligent conduct and omission in respect to the three particulars above specified.

A railroad company laying its track in a public highway is under obligation to lay it in a proper manner, having regard to the general public use to which the highway is devoted. It may not so perform the work as to unnecessarily obstruct the highway or render it dangerous for public use. The complaint alleges the construction in this case to have been such as to render the highway dangerous for public use, and it does not appear that there was any necessity for such dangerous obstructions. It therefore shows defendant to have violated its duty in this particular. Assuming the ordinance to have been valid,—and no question is raised as to its validity,—it is apparent that the defendant disregarded its duty in neglecting to station a flagman at the crossing. That the defendant "wrongfully and negligently" ran its train without a brakeman in front is a sufficient allegation of negligence. *Clark* v. *Chicago, Mil. & St. Paul Ry. Co.*, 28 Minn. 69; *McCauley* v. *Davidson*, 10 Minn. 335, (418.) The complaint alleges, with legal sufficiency, a breach of duty or negligence on the part of the defendant in the three specified particulars, and consequent injury. This is enough, although it be not apparent in what way the alleged breach of duty caused the injury.

The point that the complaint does not show that the next of kin of the deceased had a pecuniary interest in her life is covered by the case of *Barnum* v. *Chicago, Mil. & St. Paul Ry. Co.*, 30 Minn. 461.

Order affirmed.