The Evansville and Terre Haute Railroad Company v. Carvener.

No. 13,021.

## THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY v. CARVENER.

113  51
123  16:
113  51
131  566
113  51
140  277
113  51
149  278
113  51
158  192
113  51
159  519
113  51
161  510
113  51
163  473

RAILROAD.—*Failure to Restore Highway at Crossing.—Obstruction.—Negligence.* —Under the fifth subdivision of section 3903, R. S. 1881, it is the duty of a railroad company, which constructs its track across a public highway, to restore the highway to its former state as nearly as possible, and its failure to do so constitutes actionable negligence in case an injury is caused thereby.

SAME.—*Death of Horse Caused by Pulling Loaded Wagon Over Obstruction.— Liability of Railroad Company.*—Where the railroad company leaves its track nine inches above the surface of the highway, it is liable for the value of a horse, the death of which is caused by extraordinary exertion in pulling a loaded wagon over the obstruction; and the fact that the owner of the horse had knowledge of the condition of the crossing, and the further fact that he did not lighten his load when he encountered the obstruction, do not of themselves constitute such contributory negligence as will defeat a recovery.

From the Posey Circuit Court.

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellant.
*W. P. Edson* and *F. D. Wimmer,* for appellee.

MITCHELL, C. J.—Carvener sued the railroad company to recover the value of a horse, the death of which, he alleges, was caused by the negligent failure of the defendant company to restore a public highway, crossed by the railroad track, to its former state.

The complaint charges that the crossing was rendered difficult and dangerous on account of the railroad track being laid about nine inches above the surface of the highway, thus presenting a material obstruction to the passage of wagons and teams. It is alleged that, in attempting to cross the track with a loaded wagon and team, without fault on his part, the plaintiff's wagon violently encountered the obstruction, and the team was so strained, in pulling the loaded wagon over it, that one of the horses died from the effects of the injury.

The complaint states a good cause of action. The statute which conferred upon the railroad company the right to construct its track across the public highway, imposed upon it the duty of restoring the highway to its former state as nearly as possible. Subdivision fifth, section 3903, R. S. 1881. The failure to observe this statutory duty was actionable negligence in respect to any person who sustained injury thereby without fault. *Louisville, etc., R. W. Co.* v. *Smith,* 91 Ind. 119.

Leaving the highway in such a condition as to require the wheels of vehicles passing over the railroad track to be raised nine inches perpendicularly from the surface of the highway, in order to pass over the top of the rails, was *prima facie* a negligent interference with the free use thereof. *Indianapolis, etc., R. R. Co.* v. *State, ex rel.,* 37 Ind. 489; *Johnson* v. *St. Paul, etc., R. R. Co.,* 31 Minn. 283 (15 A. & E. R. R. Cases, 467).

While the highway can not be restored in all respects to its former condition, it must be so far restored as not to impair its usefulness more than the additional use of it for railroad purposes renders absolutely necessary. *People* v. *Chicago, etc., R. R. Co.,* 67 Ill. 118; *Roberts* v. *Chicago, etc., R. W. Co.,* 35 Wis. 679; *State* v. *Railroad Co.,* 36 Ohio St. 434.

The complaint contains the averment that the injury occurred without the fault of the plaintiff. The specific facts stated do not overcome this averment so as to show that the plaintiff was guilty of contributory negligence.

It is contended next, that the evidence shows that the plaintiff had knowledge of the condition of the highway, and that he was hence guilty of contributory negligence in attempting to pass over the obstruction in question.

It is quite true that the plaintiff and others had passed over the place as it was left by the defendant, and knew of the obstruction, and that it made the highway inconvenient of passage at that point. The obstruction was not, however, of such a character as that an inference of law necessarily

arises upon the evidence, that it presented a positively and unavoidably dangerous impediment to ordinary travel. The free use of the highway had been interfered with by the failure of the railroad company to restore it to its former state, as the statute required it to do.

This interference having resulted from a failure of the company to discharge a duty enjoined upon it by statute, the company became liable to any one who, in the exercise of ordinary care, sustained injury therefrom, even though it did not render the highway positively dangerous. Because the highway was merely interfered with in such a manner as to make travel upon it inconvenient, and not *per se* dangerous, persons who knew of the interference were not obliged to abandon travel thereon, if in the exercise of ordinary prudence they might reasonably expect to avoid the obstruction, or if the obstruction was of such a character as that a reasonable person might not anticipate any injurious consequences as likely to result from going upon it. *Lake Shore, etc., R. W. Co.* v. *Pinchin,* 112 Ind. 592; *Town of Gosport* v. *Evans,* 112 Ind. 133.

A defendant who, in violation of an express statutory duty, places or causes an obstruction in a public highway, will not be heard to say that he did not anticipate an injury, which was the direct result of his unlawful act, when the person injured was without fault. *Wabash, etc., R. W. Co.* v. *Locke,* 112 Ind. 404.

Although the plaintiff may have known that the highway was obstructed so as to make it necessary for his horses to exert an unusual degree of force in drawing the loaded wagon over the railroad track, he could not reasonably have anticipated that one of them would so injure himself as that his death would follow as a consequence.

The second instruction asked by the defendant and refused by the court proceeded upon the theory that if the plaintiff, by lightening the load on his wagon, or otherwise, could have avoided the injury to his horse, after encountering the obstruction, it was his duty to do so. This would be so only

in case the load and the obstruction, and all the circumstances, were such as that a reasonably prudent man might have foreseen that, without lightening the load or avoiding an attempt to pass over the obstruction, some injury would follow. Simply because an injury happened does not demonstrate conclusively that it should have been foreseen and provided against.

There were other instructions asked by the defendant and refused. Some of them state correctly abstract principles of law, but we think, so far as they were applicable to the case made, they were adequately covered by the instructions given by the court.

We have discovered no reversible error. The judgment is affirmed, with costs.

