The Evansville and Terre Haute Railroad Company v. Crist.

Filed Jan. 3, 1889.

———————◆———————

No. 14,417.

The Evansville and Terre Haute Railroad Company v. Crist.

Railroad.—*Personal Injury.—Contributory Negligence.—Pleading.*—A general averment that the plaintiff was without fault, in a complaint to recover damages for a personal injury, makes the complaint good upon the question of contributory negligence, unless the facts specially pleaded clearly show that the plaintiff was negligent.

Same.—*Highway.—Obstruction of.—Knowledge of Danger.—Contributory Negligence.*—Where a railroad company has constructed its track along a public highway, which constitutes the only means of ingress and egress from the home of an adjacent land-owner, and has left excavations and embankments in the highway, in violation of its statutory duty to restore it to its former condition, the act of a member of the land-owner's family in using the highway under such circumstances does not of itself constitute such contributory negligence as will defeat a recovery against the railroad company for an injury.

Same.—*Failure to Restore Highway to Former Condition.—Liability for Injury.*—A railroad company which has violated its duty to restore a public highway, along which it has constructed its track, to its former condition, so far as it can effect a restoration by the exercise of reasonable care and skill, and has thus created a nuisance, is liable to one who, by

reason of the obstruction left in the highway, combined with the fright of his horse at a hand-car negligently managed, sustains an injury while rightfully riding upon the highway.

EVIDENCE.—*Speed.*—*Opinion.*—A man who has managed hand-cars, or assisted in their management, may express an opinion as to the rate of speed at which a hand-car was moving on a specified occasion.

SAME.—*Personal Injury.*—*Nature and Effect.*—*Expert Witness.*—A physician, speaking as an expert witness, may testify as to the effect of an injury; so, also, under proper allegations in the complaint, it is competent for the plaintiff to prove the nature and extent of the injury.

INSTRUCTIONS TO JURY.—*Time of Asking.*—*Refusal to Give.*—*Practice.*—The trial court may properly refuse to give instructions asked after the argument has begun.

From the Greene Circuit Court.

*J. E. Iglehart* and *E. Taylor*, for appellant.

*W. C. Hultz*, *O. B. Harris* and *J. S. Bays*, for appellee.

ELLIOTT, J.—The complaint of the appellee is in three paragraphs; each avers that the injury for which a recovery is sought was caused by the negligence of the defendant, and that the plaintiff was injured without any fault or negligence on her part. They each contained these allegations: That the appellee lived with her father, who owned land not far from the appellant's railroad; that the only means of egress and ingress was a public highway; that the defendant constructed and built the last described line of railroad across, upon and along said last described highway, for a distance of three-quarters of a mile west from the eastern terminus of said last described highway, and unlawfully, carelessly and negligently failed to construct its line of railroad so as not to interfere with the free use of said highway, and so as to afford security for life and property, in this, that the defendant dug an excavation some six feet deep and fifteen feet wide · in the highway for a distance of 150 yards, and piled the dirt from said excavation along the sides thereof, making embankments some nine feet high for the distance of 150 yards, leaving no way for persons to pass along the highway except upon the embankment, with the railroad track between; and that

the defendant unlawfully, carelessly and negligently failed, and still fails in every particular, to restore the highway thus intersected to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises.

The second and third paragraphs each contain these allegations upon the subject of the defendant's negligence:

"That, on the 8th day of October, 1886, this plaintiff was lawfully riding her horse upon the highway, so impaired, eastward to her home; that while she was so riding along it between her home and the western highway running north and south, the defendant's agents approached along said railroad from the east in a hand-car and frightened plaintiff's horse, and knowing the situation of plaintiff, but disregarding their duty, they negligently managed the hand-car, in this, that, after seeing the dangerous situation in which plaintiff was placed, they failed to stop said hand-car, and thereby prevent plaintiff's horse from becoming frightened, and thus prevent plaintiff from being injured; that on acccount of such negligence and the negligence of defendant in failing to restore the highway to its former state, or in a sufficient manner not to unnecessarily impair its usefulness, or injure its franchises, this plaintiff, without any fault or negligence on her part, was greatly injured."

The first paragraph does not contain the allegations last quoted, but does contain, in addition to those already mentioned, the following averments: That, on account of the defendant's negligence in failing to restore the highway, the plaintiff, "while riding her horse eastward, to her home, upon the highway so impaired, on the 8th day of October, 1886, without any fault or negligence on her part, was thrown from her horse" and injured.

The question whether the complaint shows that there was not contributory negligence on the part of the appellee, can not be decided without first ascertaining and determining what duty the appellant owed the public respecting the highway which it had changed from its former condition, for it is

The Evansville and Terre Haute Railroad Company *v.* Crist.

important to give due prominence to two essential facts : one is, that the plaintiff was in lawful use of a public highway, and the other is, that, for its own benefit, the appellant had changed the highway and negligently failed to restore it to its former condition, thus making its use unsafe and dangerous. Nor can this question be disposed of without giving just effect to the general averment that there was no fault or negligence on the part of the plaintiff. This averment makes the complaint good upon the question of contributory negligence unless the facts specifically pleaded clearly show that the plaintiff was negligent. We concur with appellant's counsel that, ordinarily, the specific facts will control the general averment if they make it clear that there was contributory negligence. *Reynolds* v. *Copeland,* 71 Ind. 422.

It has, however, long been the rule in this court that, unless the facts specifically stated clearly show that there was contributory negligence, the general averment will rescue the complaint from its assailant.

In the case of *Town of Salem* v. *Goller,* 76 Ind. 291, it was said : " The allegation that he was without fault, like the general averment of negligence, has a technical significance, and admits proof of any facts tending to show its truth."

The cases are collected in *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196, and it was said : " The rule that the general averment is sufficient has been so long established and so often approved that we should feel bound to adhere to it even if we doubted its soundness ; but we think its soundness can be vindicated on principle. It is in the nature of a negative fact, and an averment of such a fact can not be made with the same particularity as an affirmative one. The elementary books, recognizing this, agree that in such case a general averment is ordinarily sufficient. It is evident that any other rule would be practically incapable of enforcement, for a negative fact can seldom be alleged except generally and by way of denial, since any other course would require a process

of exclusion and elimination that would lead to an almost endless pleading. If the specific facts absolving the plaintiff from fault must be pleaded, then it would be necessary to enumerate every fact that might be considered as tending to charge him with fault, and negative its existence. In some cases this process of enumeration and exclusion would be practically impossible; in others it would lead to a prolixity of pleading that would do no good, but would produce uncertainty and confusion."

The question now in hand comes to us, not as one of evidence, but as one of pleading, and, therefore, as one to be determined under the rule stated. For this reason the cases cited by the appellant which bear upon questions arising on the evidence and on the instructions are not relevant.

Testing the complaint by the settled rule, it must be held to show that the plaintiff was not guilty of contributory negligence, since the specific facts do not clearly negative the general averment. They do not, in truth, negative it in any respect, but, on the contrary, are consistent with it.

The two important facts to which we have referred—the place where the injury was received and the duty of the appellant respecting the highway it had made unsafe—when assigned their due weight, fully and clearly relieve the plaintiff from any imputation of negligence; especially is this so when the facts are considered, as they must be, in connection with the explicit averment of her complaint that she was without fault or negligence.

She was upon a public highway leading from her home, and there she had a right to be. She was, it is true, bound to exercise ordinary care in using the highway, but she was not bound to do more. She was not crossing a railroad track, where the rights and duties of the company and a traveller are reciprocal, but she was upon a public way, which the company had no right to use in operating its road, or to make unsafe.

The action is not, it is to be remembered, to recover for

injuries received on a crossing, for the complaint proceeds upon a radically different theory. The cases of *Indiana, etc., R. W. Co.* v. *Greene,* 106 Ind. 279, *Indiana, etc., R. W. Co.* v. *Hammock,* 113 Ind. 1, and *Cincinnati, etc., R. R. Co.* v. *Butler,* 103 Ind. 31, are not in point, for the reason that they were cases where the injury was received on a crossing, and not cases where the interference with a public highway and a negligent breach of duty caused the injury. Throughout this case this difference runs, exerting all through it a controlling influence. Here the defendant negligently failed to perform a duty imperatively enjoined upon it by positive law.

When we come to consider the question of the appellant's negligence, as we shall presently do, we shall state the nature and extent of that duty; but at this point we need only declare that the complaint avers, and the demurrer confesses, that a statutory duty respecting a public highway was violated, and that this wrong, concurring with another wrong, caused the plaintiff's injury. We do not, of course, decide that the negligent breach of a statutory duty not constituting a wilful tort, would make the defendant liable if the plaintiff's negligence contributed to the injury for which she seeks a recovery; but what we do decide is, that the character of the duty, and the nature of the place where the injury was received, are important factors in the solution of the legal problem.

If it were granted that the plaintiff had knowledge that she would be exposed to some danger in attempting to ride along the highway made unsafe by the defendant's wrong, that fact of itself would not in such a case as this necessarily preclude a recovery. Knowledge is not always a bar to a recovery. It is not a bar in such a case as the present, for the plaintiff was not bound to refrain entirely from using the only highway which gave her access to her home or led from it. We have many decisions upon this general subject. In one of them it was said:

" The appellant, though he saw the engine, was not bound to anticipate all the perils to which he might be exposed in driving past it, or to refrain absolutely from pursuing his usual course on account of unseen and unknown, though probable, risks.   Some risks, such as arise from obstructions in highways, are taken constantly by the most prudent of men, and where, as in this case, the party pursues the usual course, believing it to be safe, he is not guilty of contributory negligence.   It was a question for the jury, and by their general verdict they have found upon this point in favor of the appellant, and with it this special finding is not irreconcilable, or necessarily inconsistent."   *Turner* v. *Buchanan,* 82 Ind. 147.

A later case contains this statement of the rule :  " It is to be determined from the facts of the case whether the known danger is likely to subject the plaintiff to injury, and if it is, then he must be held guilty of negligence in encountering it. While, therefore, it can not be held that one who does not go out of his way to avoid known danger is not always guilty of contributory negligence, yet it must be held that he is guilty of negligence where he attempts to pass the danger where there is such a probability of injury as would deter a reasonable man from assuming the risk of passing it.   If the risk is great, or is such as a prudent person would not assume, then the person who does assume it is guilty of such contributory negligence as will preclude a recovery."   *Lake Shore, etc., R. W. Co.* v. *Pinchin,* 112 Ind. 592.

The principle we assert was applied in a case in all its characteristic features the same as the present ; we refer to the case of *Evansville, etc., R. R. Co.* v. *Carvener,* 113 Ind. 51. There are numerous other cases in our reports asserting this general doctrine.   Among them are *City of Huntington* v. *Breen,* 77 Ind. 29, *Wilson* v. *Trafalgar, etc., G. R. Co.,* 83 Ind. 326, *Henry County T. P. Co.* v. *Jackson,* 86 Ind. 111, *Nave* v. *Flack,* 90 Ind. 205, *City of Indianapolis* v. *Murphy,*

91 Ind. 382, and *Louisville, etc., R. W. Co.* v. *Phillips*, 112 Ind. 59.

In a recent edition of a work of excellent standing it is said : " The fact of using a highway, after obtaining such knowledge, does not necessarily and conclusively establish negligence, contributing to an injury resulting from a defect therein." 1 Shearman & Redf. Neg. (4th ed.), section 101.

In another work it is said that "And an exposure to known danger (is) not always negligence." 4 Am. and Eng. Cyclopædia of Law, 36.

Very many authorities are cited in support of this proposition. To the authorities there collected may be added the later cases of *Pennsylvania, etc., Co.* v. *Varnau*, 15 Atl. Rep. 624, *Gulf, etc., R. W. Co.* v. *Gascamp*, 7 S. W. Rep. 227, and *Alabama, etc., R. R. Co.* v. *Arnold*, 4 So. Rep. 359.

But while it is true that knowledge of danger does not necessarily defeat a recovery, yet in all cases it is an important factor, and in many the character of the knowledge and the nature of the danger may be such as to constitute contributory negligence. If the danger is so near and so great that a prudent man, knowing of its existence, would not assume the hazard of encountering it, then it does constitute such contributory negligence as will defeat a recovery. *Town of Gosport* v. *Evans*, 112 Ind. 133; *Lake Shore, etc., R. W. Co.* v. *Pinchin, supra; City of Richmond* v. *Mulholland, ante*, p. 173; *Eckerd* v. *Chicago, etc., R. W. Co.*, 30 N. W. Rep. 615; *Fulliam* v. *City of Muscatine*, 30 N. W. Rep. 861.

It is quite clear that it can not be said in this case that the danger was one which the plaintiff was bound to shun, or assume at her own peril all the risk attending the attempt to pass it. The case is not one of a plaintiff casting himself upon a known danger which a prudent person would not have encountered.

We come now to the question which, as we have seen, is intimately blended with the one we have already discussed, and that is the negligence of the defendant.

The initial step in the defendant's wrong was the negligent violation of a mandatory statute.    Section 3903, R. S. 1881, provides for the construction of railroads, and in prescribing the duties and rights of a railroad company declares that it shall have the right " To construct its road upon or across any stream of water, watercourse, road, highway, railroad, or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property ; but the corporation shall restore the stream or watercourse, road or highway, thus intersected, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises."

This statute prescribes a plain duty.    Indeed, the duty existed independent of the statute, but the statute makes it all the more clear and positive.    The right to interfere with a highway is coupled with the duty to make it as safe as it was before it was disturbed, or, at least, to use reasonable care and skill to do so.    This duty is violated if there is a failure to restore it to its former condition, in all cases where the exercise of reasonable care and skill can effect a restoration. The rule which governs cases of this class is thus stated by a writer of acknowledged accuracy and ability :  " Whenever an act is authorized to be done in a highway that would otherwise be a nuisance, the person or company to whom the power is given is not only bound to exercise it strictly within the provisions of the law, but also with the highest degree of care to prevent injury to the persons or property of those who may be affected by such acts.    Hence, where a railroad company has been permitted to lay its track along or across a highway, it is bound to the use of every reasonable precaution to prevent injury to those passing along the highway, or crossing its track that is laid along or across the highway ; and if it fails to exercise a proper degree of care,—not only such as is provided by statute, but also such as is rendered necessary by the character of the obstruction and its location, having refer-

ence to a like reasonable exercise of care on the part of those approaching the obstruction,—it becomes a nuisance to the extent of its injury to individual rights, and renders the company liable in damages for all the consequences." 2 Wood Railway Law, section 271.

Possibly the rule is rather too strongly stated, but, strong as the statement is, many well considered cases give it adequate support. Our own cases recognize and enforce a rule very much the same as that stated by the author from whom we have quoted, although it is, perhaps, not quite so strongly stated. *Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143; *Louisville, etc., R. W. Co.* v. *Phillips, supra*; *Evansville, etc., R. R. Co.* v. *Carvener, supra*.

In the case last cited it was said : " Leaving the highway in such a condition as to require the wheels of vehicles passing over the railroad track to be raised nine inches perpendicularly from the surface of the highway, in order to pass over the top of the rails, was *prima facie* a negligent interference with the free use thereof. *Indianapolis, etc., R. R. Co.* v. *State, ex rel.*, 37 Ind. 489; *Johnson* v. *St. Paul, etc., R. R. Co.*, 31 Minn. 283."

The facts in the complaint before us make a very much stronger case than the one from which we have quoted, and as the injury is shown to have been caused by the condition of the highway, combined with the negligent management of the hand-car, a strong case is made out.

At another place in the opinion from which we have quoted it was said : " A defendant who, in violation of an express statutory duty, places or causes an obstruction in a highway, will not be heard to say that he did not anticipate an injury, which was the direct result of his unlawful act, when the person injured was without fault. *Wabash, etc., R. W. Co.* v. *Locke*, 112 Ind. 404."

In harmony with the doctrine declared by the authorities we have cited, is this statement in a text-book : " Where one has a license to interfere with a highway, as where a railroad

company is authorized to lay its track along, under, or over a highway, the terms of the license, so far as it directs the manner of such interference, must be strictly complied with. Interference in any other mode is a public nuisance." 2 Shearman & Redf. Neg. (4th ed.), section 359.

This statement luminously exhibits the law, for it goes back to the fundamental principle that he who unlawfully interferes with a highway creates a nuisance, and is liable in damages to one who suffers a special injury.

It is established law that a complaint which charges negligence in general terms is good on demurrer. This was proved to be the rule by our own decisions and by other authorities in a case recently decided, that of *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196.

As all of the paragraphs of the complaint contain appropriate allegations charging the defendant with negligently failing to discharge its duty, they are good irrespective of the negligence in running the hand-car. The superadded act of negligence, even if it does not strengthen the complaint, certainly does not weaken it. By showing a second wrong, and combining it with the first so as to form a continuous cause of action, the pleading was, as we believe, strengthened, and not weakened. *Indianapolis, etc., R. W. Co.* v. *Pitzer*, 109 Ind. 179.

The wrong of the defendant in negligently failing to restore the highway is, as we have seen, of itself sufficient to constitute a cause of action, and the additional act of negligence, in the management of the hand-car, if not considered as adding strength to the complaint, can not, at all events, detract from it; but we think that the fact that the defendant, by its own wrong, rendered the highway unsafe, made it necessary for it in operating its road to exercise care to prevent injury to one placed in danger by that wrong. We are not dealing with a case where the railroad company was not guilty of any breach of duty respecting the highway on which

the plaintiff was travelling, but with a case where, in violation of a positive duty, it wrongfully interfered with a highway. Here the two wrongs blend in one concurring tort. If the appellant was free from fault respecting the public highway, we add, to prevent possible misunderstanding, we should have an entirely different case, and one in which it may be that no action would lie.

A man who has managed hand-cars, or assisted in managing them, may express an opinion as to the rate of speed at which a hand-car was moving on a specified occasion. Mr. Lawson says that, on questions of speed, "The opinion of an ordinary witness is admissible." Expert and Opinion Evidence, 462. The reason for the rule is, that velocity or speed is a subject which can not be placed before a jury by a statement of the observed facts. *Bennett* v. *Meehan,* 83 Ind. 566 (43 Am. R. 78); *Loshbaugh* v. *Birdsell,* 90 Ind. 466; *Carthage T. P. Co.* v. *Andrews,* 102 Ind. 138, *vide* op., p. 143; *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551; *Salter* v. *Utica, etc., R. R. Co.,* 59 N. Y. 631; *Chicago, etc., R. R. Co.* v. *Johnson,* 22 Am. L. Reg. (N. S.) 117; *Fulsome* v. *Town of Concord,* 46 Vt. 133.

Under the allegations of the complaint, it was competent for the plaintiff to prove the nature and extent of her injuries. *Ohio, etc., R. R. Co.* v. *Hecht,* 115 Ind. 443.

It was entirely proper to permit a physician, speaking as an expert witness, to testify as to the effect of the injury. *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544.

It is not error to refuse instructions asked after the argument has begun. *Bartley* v. *State,* 111 Ind. 358; *Terry* v. *Shively,* 93 Ind. 413; *Jolly* v. *Terre Haute, etc., Co.,* 9 Ind. 417.

We do not doubt the power of the trial court to order a new trial when the verdict is wrong upon the evidence; this court, however, it is hardly necessary to say, will not weigh the evidence to ascertain where the preponderance is, but it

will accept as trustworthy that deemed so by the jury and the trial court. This rule is applicable here, and makes it our duty to sustain the verdict.

Judgment affirmed.

Filed Jan. 3, 1889.