# Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company *v.* Greb.

[No. 5,207. Filed February 23, 1905.]

1. RAILROADS.—*Obstructing Drain.—Injury to Upper Proprietor.—Liability.*—Where a railroad company makes a fill across a public drain and for the purpose of carrying off the water flowing through such drain, puts in the bottom of such drain an iron pipe insufficient to carry off such water, and thereby causes such water to back upon the lands of an upper proprietor, such company is liable to such proprietor for such damages. p. 631.

Vol. 34—40

2. APPEAL AND ERROR.—*Bill of Exceptions.*—*Evidence.*—*Failure to Include All.*—Where the bill of exceptions shows that a plat was introduced in evidence, but no plat is contained in the bill, the evidence is not in the record. p. 632.

3. SAME.—*Brief.*—*Points.*—*Appellate Court Rules.*—Where appellant's brief does not contain any points and authorities on certain questions raised, as required by Appellate Court rule 22, such questions will not be considered. p. 632.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by Carl Greb against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*George E. Ross,* for appellant.
*J. Frank Meeker* and *Herbert S. Barr,* for appellee.

BLACK, J.—The appellee's amended complaint consisted of two paragraphs, and the appellant's answer was the general denial. Upon trial by jury only the issue formed upon the first paragraph of complaint was submitted for decision. The action of the court in overruling the appellant's demurrer to that paragraph for want of sufficient facts is presented for review.

It was shown by the first paragraph of the amended complaint that the appellee was, and for more than six years had been, continuously, the owner in fee simple and in the exclusive possession and occupancy of certain land, described, in the northeast corner of a certain section of land in Lake county; that during all that period the appellant was engaged in operating and managing a line of railway from Chicago, Illinois, to Logansport, Indiana, which line, its right of way and roadbed, passed through the northeast corner of said land in a direction northwestwardly and southeastwardly, and passed, in the same direction, through the section of land lying east, immediately adjoining that in which the appellee's land was; that through this section so lying east of appellee's land a public drain or ditch had been constructed, extending in a course nearly at right

angles with the railway, and under and through the road-bed of the right of way; that this drain was constructed under the drainage laws of this State by proceedings, judgments, orders and decrees which were never appealed from, vacated or set aside, in the court below, "wherein the said railway and its predecessors were made parties," and appeared to the petition filed for such drainage, as well as to the report filed by the commissioners of drainage appointed in those proceedings; that the drain was duly established in conformity with such proceedings in the year 1889, and was duly constructed in pursuance thereto, and ever since that year it had been an open, public drain, the parties to said proceedings, including the appellant, cleaning out the respective allotment assigned to them, in conformity with the drainage laws of this State, at the times prescribed by law and as directed by the trustee of the township in which lay the portion or allotment assigned to them respectively, except that the appellant had failed so to clean out its allotment since the time of the injury hereafter complained of; that the drain, as established by the order of the court in said proceedings, and as constructed in conformity therewith, was eight feet wide at the bottom, sixteen feet wide at the top and eight feet deep; that where it so passed through appellant's right of way it was of such width at top and bottom and of such depth, such being the widths and the depth established at the point by the drainage proceedings, and until the time of such injury it remained of such width at top and bottom and of such depth at the point of intersection with the right of way; that the appellee's lands were within the district drained by this drain, and were assessed for the benefits caused to them by the location, establishment and construction thereof by said proceedings; that the water which accumulated on appellee's lands drained into this drain, which, when kept open, was sufficient to keep his lands dry and fit for use as agricultural lands, which were used as a farm and for agricultural purposes only, and were

susceptible of no other use or purpose; that these lands and all the lands of both of said sections were in a level prairie, with very little fall to the top level of the drain; that all the water that fell on appellee's lands or accumulated thereon flowed into the drain south of the appellant's right of way, and thence in a northeastwardly direction through the drain and through the right of way, in the drain, which was sufficient, as constructed, to carry all the water that was wont to flow therein or which would flow therein, without overflowing its banks or damming backwater over the adjoining lands or the appellee's lands; that if the drain were of smaller capacity, or had any obstructions placed therein, the water which it was accustomed to carry would be dammed back, and would overflow all the lands adjacent thereto and the appellee's lands; that for years, and ever since the drain was constructed, the appellant had maintained a bridge about one hundred feet long over the drain, and about ten feet above it; that in 1898 the appellant negligently, wilfully and without right, and without regard to the consequences thereof, placed an iron tile or pipe in the bottom of the drain where it passed through its right of way as aforesaid, which pipe was of the diameter of four feet, and negligently filled in the drain entirely around the pipe, and built an embankment over and around the pipe, not less than ten feet in height above the top level of the drain, and extending on each side of the drain for more than one hundred feet, completely filling and obstructing the drain with the exception of the opening through the pipe, which was insufficient to carry the water which was wont to flow and would flow through the drain through the right of way, without damming the water back and raising it several feet above the top level of the drain; that the pipe and the embankment were liable to dam, and always had dammed, the water back, and raised it several feet above the top level of the drain and kept it there, so as to overflow all the adjacent lands and the appellee's lands at different seasons of the

year, and each year after they were so constructed; that before the construction of the embankment and the placing of the pipe in the drain as aforesaid the appellee's lands were kept clear and free of any overflow by the drain; that after the embankment was placed therein the drain was insufficient, at the place of this obstruction, to carry the water which flowed therein, by reason of the obstruction and for no other reason; that the pipe was about fifty feet long, and the appellant negligently permitted it to settle so that the outlet therefrom was and remained two feet higher than the inlet thereto; that by reason of the water backing over appellee's lands as aforesaid, because of the obstruction in the drain as aforesaid, his crop of corn which he planted each year thereon was entirely drowned out, etc., the complaint at length and with particularity describing the character and the extent of the injuries caused by the overflowing of the appellee's lands, and his various losses, "all of which" it was alleged "was lost by reason of the foregoing acts of said defendant and by said lands being overflowed thereby as aforesaid; that plaintiff has been damaged in the sum of $1,500 by reason of the foregoing acts and said negligence of said defendant, without any fault on plaintiff's part whatever contributing thereto;" that all said damage "was caused by reason of said obstructions in said drain; that said defendant was fully aware during all said years that said obstructions would cause plaintiff's said lands to be overflowed, and was fully informed during all said time of the consequences of its said acts heretofore complained of and had full knowledge thereof." Wherefore, etc.

It is urged that the complaint fails to state a cause of action, for the reason that it is not charged that what the appellant did was not necessary to be done; and it is claimed that the pleading fails to negative contributory negligence on the part of the appellee, and that for such reason also it is insufficient. It is true, as suggested by counsel, that the appellant had a right to construct its railway at the place

in question, and, for such purpose, to make and maintain a structure on which its railway might be laid and continuously operated across the public drain.    As provided in clause five of §5153 Burns 1901, 1 R. S. 1852, p. 409, the appellant had the power to construct its road "upon or across any stream of water, watercourse, road, highway, railroad or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the stream or watercourse, road or highway, thus intersected, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises."

"Railroad companies, no doubt, have the right to construct their roads across public ditches, without liability, if they restore them to their original state and usefulness." *Terre Haute, etc., R. Co.* v. *Soice* (1891), 128 Ind. 105, 107; *Lake Erie, etc., R. Co.* v. *Cluggish* (1896), 143 Ind. 347.

In *New York, etc., R. Co.* v. *Hamlet Hay Co.* (1898), 149 Ind. 344, 347, it was said: "The 'life and property' and the 'franchises' referred to in the statute are not those of the railroad corporation, but those connected with the 'stream of water, watercourse, road, highway, railroad or canal,' across which the corporation constructs its road.    The statute forbids the corporation to cross a stream or highway in such a manner as to interfere with the free use of such stream or highway, or in such a manner as to endanger the lives or injure the property of those using or having interests in the stream or highway; and it requires, further, that after the crossing is made the corporation shall restore such stream or highway to its former state, or at least so far as necessary to preserve its usefulness and its franchises."

In the *Evansville, etc., R. Co.* v. *Carvener* (1887), 113 Ind. 51—a case relating to a public highway crossed by the railroad track—it was said: "While the highway can not

be restored in all respects to its former condition, it must be so far restored as not to impair its usefulness more than the additional use of it for railroad purposes renders absolutely necessary." See, also, *Seybold* v. *Terre Haute, etc., R. Co.* (1897), 18 Ind. App. 367.

So, a railroad company deriving its powers from the statute may construct its road across a public ditch such as that here involved, not merely as may seem convenient for the corporation, but "so as not to interfere with the free use of the" public ditch as such, and "in such manner as to afford security for life and property" of those using or having interests in the public ditch. If it fail in observing these conditions to the exercise of its rights, it will be responsible for an injury from such failure to one intended by the statute to be protected by such limitations of the power of the corporation. Then, there is the positive requirement that the corporation shall restore the public ditch to its former state, or, it being impossible to do this exactly in all respects, it must restore the ditch "in a sufficient manner not to unnecessarily impair" the usefulness of the ditch; that is, it would seem it is bound to restore the ditch so nearly to its former condition as not to impair its usefulness more than the additional use of it for the purpose of constructing and using a railroad across it renders it absolutely necessary.

1. It is manifest that the appellant, assuming the averments of the complaint to be true, exceeded its power, and failed to perform its duty. It is charged that into a ditch which, under legal proceedings by which the appellant was bound, was of legally prescribed dimensions, the appellant negligently, wilfully and without right, and without regard to the consequences thereof, placed an iron pipe of much smaller dimensions, and except as to the capacity of this pipe negligently filled up the ditch, and built an embankment over and around the pipe, not less than ten feet in height above the top level of the ditch and extending on each

side of the ditch for more than one hundred feet, etc.; and that the appellant also negligently permitted the pipe to settle so that the outlet was higher than the inlet; and that the appellee's material damage described was caused by the acts and negligence stated of the appellant.

What the corporation is charged with having done it is represented as having done, not in the accomplishment alone of its right to construct its road across the ditch, but negligently, and the injury alleged to have been suffered by the appellee is shown to have resulted from the negligence charged. It is impossible to reconcile this conduct of the appellant with the limitations and requirements of the statute. The injuries complained of were consequences of direct action of the appellant, in which the appellee did not participate by act or omission. The conduct of the appellant resulted in the creation of a nuisance. Whether or not it was necessary for the appellee in his pleading to negative contributory negligence on his part, an inspection of the pleading shows that the objection of the appellant for want of such an averment has no basis in fact.

2. It has been pointed out by counsel for the appellee that the record shows that a certain map, concerning which a witness testified that it showed the pipe and the condition of the ditch, was introduced in evidence, but that it is not contained in the bill of exceptions purporting to contain all the evidence; and therefore it is insisted that the record can not be regarded as containing all the evidence, and that this court is precluded from considering the question as to the sufficiency of the evidence. This suggestion is supported by decisions in great number. *Collins v. Collins* (1885), 100 Ind. 266; *Board, etc., v. Wagner* (1894), 138 Ind. 609; *Eichel v. Bower* (1891), 2 Ind. App. 84; *Rhea v. Crunk* (1885), 12 Ind. App. 23; *German-American Ins. Co. v. Sanders* (1897), 17 Ind. App. 134.

3. Rule twenty-two of this court requires that the brief for the appellant shall contain certain statements, the order

thereof being designated by the rule; one requirement being, that "the brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on in support of them.   *   *   *   No alleged error or point, not contained in this statement of points, shall be raised afterwards, either by reply brief, or in oral or printed argument, or on petition for rehearing."   The brief for the appellant before us contains a statement under the heading "points and authorities."   The "propositions or points" in this statement relate only to the question as to the sufficiency of the complaint and the question as to the sufficiency of the evidence.   It is plainly contemplated by the rule that our decision shall be confined to errors or points contained in this "statement of points."   Fulfilment of the requirements in preceding portions of this rule will not suffice for the presentation of any matter not embraced in this statement of points.

Judgment affirmed.