## KELSAY v. CHICAGO, CINCINNATI & LOUISVILLE RAILROAD.

[No. 5,913. Filed May 28, 1907. Rehearing denied October 11, 1907. Transfer denied January 28, 1908.]

1. RAILROADS.—*Obstructing Drains.—Liability.—Negligence.*—Under §5045 Burns 1901, Acts 1885, p. 129, §12, railroad companies are liable, to any person injured, for the obstruction of any public drain, without regard to the question of care or negligence. p. 130.

2. DAMAGES.—*Permanent.—Evidence.—Real Estate.—Railroads.—Obstructing Drains.*—Where a complaint alleges that defendant railroad company obstructed a public drain, thereby destroying plaintiff's lands for farming purposes, proof of permanent damages is admissible. p. 131.

3. RAILROADS.—*Obstructing Drains.*—Under §5195 Burns 1908, subd. 5, §3903 R. S. 1881, railroad companies crossing public drains and failing to restore them to their former condition, are liable for the damages caused thereby. p. 131.

4. SAME.—*Obstructing Drains.—Notice to Abate Nuisance.*—Neither the company building the railroad nor its successor maintaining same, is entitled to notice to abate its obstruction of a public drain, as a condition precedent to liability therefor. p. 133.

5. PLEADING. — *Complaint.—Specificness.—Railroads.—Obstructing Drains.*—A complaint against a railroad company alleging that such company built its road across a public drain on plaintiff's land; that the place where it crossed on plaintiff's land is wet and mucky; that the company carelessly placed on top of the ground over such drain heavy timber, stone and dirt, thereby wholly destroying such drain, and that by reason thereof plaintiff's land was flooded so that the crops for two years were lost, is sufficiently specific. p. 133.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by Albert W. Kelsay against the Chicago, Cincinnati & Louisville Railroad. From a judgment for defendant, plaintiff appeals. *Reversed.*

*A. E. Steele, W. D. Lett* and *W. E. Haisley,* for appellant.

*H. C. Starr, J. F. Robbins, W. S. Marshall* and *Gus S. Condo,* for appellee.

HADLEY, J.—Appellant filed his complaint herein for damages to his property by reason of the acts of appellee in destroying a public drain. The complaint is in four paragraphs. Demurrers were filed and sustained to the first, second and fourth amended paragraphs, and a motion to make the third paragraph more specific was sustained. Appellant refusing to plead further, judgment was rendered against him in favor of appellee for costs. Each of said paragraphs averred that appellee was an Indiana corporation; that appellant was and had been for ten years last past the owner and in possession of certain land in Grant county; that the north half of said land was low and wet, the soil being composed of muck, and that it was necessary to drain the same to render it fit for farming purposes; that for five years last past this land was drained by a certain ditch which was a public drain, duly established, by and under the laws of the State of Indiana, by the circuit court of Grant county; that appellant's said land was duly assessed for the payment of the construction of said drain, which assessment was paid by appellant. The complaint describes the course of the drain, and avers that it discharges its waters in Galatia lake; that said drain was a fourteen-inch tile-drain constructed in 1899, and that appellant's assessment for the construction thereof was $500; that the course of the drain was the natural outlet for the drainage of the appellant's land, and that the same could not be successfully drained in any other way; that this ditch as constructed thoroughly drained appellant's land and rendered the same tillable, and appellant did thereafter raise valuable crops on said land until the doing of the acts complained of; that said drain ran across the lands of one Schwartz; that appellee in 1901 obtained a right of way to cross the lands of said Schwartz, which right of way was over and across said drain; that appellee constructed its roadbed upon said right of way and operated its cars thereon; that at the point

where said roadbed crosses said ditch the ground is low and mucky and 'forms a basin with the drain at the lowest point; that appellee constructed an embankment across this low basin and over said public drain; that, in order to render its roadbed solid, appellee used great quantities of timber, dirt and heavy material, and placed the same on its right of way and over said ditch, and to a considerable distance on either side thereof; that this heavy material sank several feet into the ground and cut off and destroyed said drain to the westward of said right of way; that said drain has not been repaired nor restored, and is thereby rendered worthless and fails to drain appellant's land; that, by reason thereof, appellant's land has been rendered wet, and overflows with water which gathers thereon and is held back by said roadbed; that this water has no other means of escape except through said drain; that since the building of said roadbed said land is wholly worthless for farming purposes, as no crops can be raised thereon.

The first paragraph contains the following further facts: and, by reason of the facts before stated, appellant was unable to produce and did' not produce any crops whatever on said land for each of the years 1902 and 1903; and appellant has wholly lost all profits therefrom for said years by reason of the loss of said crops caused by the destruction of said drain.

Each paragraph of the complaint shows that said drain was constructed under a law of the State; that appellee in constructing its railroad over it had destroyed it. Appellee therefore is liable for all damages caused thereby, under §5645 Burns 1901, Acts 1885, p. 129, §12, which is as follows: "Any person who shall obstruct, injure or destroy any work constructed in pursuance of any law in this State for the drainage of lands, shall, on conviction, be fined in any sum not less than $10 nor more than $100, to which may be added imprisonment in the county jail for a period not exceeding three months, and shall also be liable

for damages to such person or persons as may have suffered damages thereby." In such case it is not necessary to aver or prove that such destruction was negligently done or that appellant did not contribute to the same. The act itself is unlawful, made so by statute, and the doing of the act forms the basis for the liability, whether done negligently or in a careful manner.

Whether the lands have been permanently damaged is a matter of proof and goes to the measure of damages. The averments of the second paragraph are that the drain 2. is destroyed and cannot be restored, and that the lands cannot be drained in any other way, and the usefulness of the lands for farming purposes is permanently destroyed. If these averments be true—and for the purposes of the demurrer they are to be taken so—then appellant would be entitled to recover for permanent damages.

These paragraphs are also good under another theory, and that is that the very statute that gave appellee authority to cross this ditch imposed the condition upon the exer- 3. cise of the power that such crossing should be made so as not to interfere with the free use of the same and that such ditch should be restored to its former state, or in a sufficient manner not to impair its usefulness. §5195 Burns 1908, subd. 5, §3903 R. S. 1881.

The case of *Graham* v. *Chicago, etc., R. Co.* (1906), 39 Ind. App. 294, is so similar to this case and expresses the law so clearly that we quote with approval as follows: "The obligation thus imposed is unequivocal in terms. The corporation which chooses to avail itself of the power thus granted takes it subject to the liabilities and restrictions expressed in the act. The duty which it assumes is a continuing one. *Baltimore, etc., R. Co.* v. *State, ex rel.* [1902], 159 Ind. 510; *Chicago, etc., R. Co.* v. *State, ex rel.* [1902], 158 Ind. 189; 2 Wood, Railroads (Minor's ed.), §276; *Evansville, etc., R. Co.* v. *Crist* [1889], 116 Ind. 446, 454, 2 L. R. A. 450, 9 Am. St. 865; *Evansville, etc., R. Co.* v. *Car-*

*vener* [1887], 113 Ind. 51; *Lake Erie, etc., R. Co.* v. *Shelley* [1904], 163 Ind. 36. The obstruction of a stream, watercourse, road, railroad or canal, by the construction of a railroad upon or across it so as to interfere with their free use, is beyond the power of any railroad corporation, and failure on the part of any such corporation to restore such stream, watercourse, road, highway, railroad or canal thus crossed by its railroad to its former state, or in a sufficient manner not unnecessarily to impair its usefulness, is a direct violation of a statute, which gives a right of action to one injured thereby. *Pittsburgh, etc., R. Co.* v. *Greb* [1905]; 34 Ind. App. 625; *Indianapolis, etc., R. Co.* v. *Stout* [1876], 53 Ind. 143; *Evansville, etc., R. Co.* v. *Carvener, supra; Evansville, etc., R. Co.* v. *Crist, supra; Louisville, etc., R. Co.* v. *Smith* [1883], 91 Ind. 119; *Louisville, etc., R. Co.* v. *Phillips* [1887], 112 Ind. 59, 61, 2 Am. St. 155; *Toledo, etc., R. Co.* v. *Milligan* [1891], 2 Ind. App. 578; *Terre Haute, etc., R. Co.* v. *Clem* [1890], 123 Ind. 15, 7 L. R. A. 588, 18 Am. St. 303. The present owner of such railroad is liable to respond in damages for injury thus negligently caused, notwithstanding that the obstruction was originally created by its predecessor in the ownership of the railroad, because each day of the continuance of such obstruction is a fresh violation of the statute. *Petlis* v. *Johnson* [1877], 56 Ind. 139, 149; *Lake Shore, etc., R. Co.* v. *McIntosh* [1895], 140 Ind. 261, 268; *State* v. *Louisville, etc., R. Co.* [1882], 86 Ind. 114.''

To the same effect is the case of *Pittsburgh, etc., R. Co.* v. *Greb, supra.* Counsel for appellee seem to base their objections to the complaint upon the proposition ''that if a person does a lawful act on his own premises he is not liable for damages resulting therefrom, unless the act was so done as to constitute actionable negligence;'' and cite numerous authorities in support thereof. We find no objection to this proposition. But in this case the acts complained of, under our statutes, were unlawful acts, punishable by fine under

one section, and in absolute defiance of restrictions accompanying a power under another.    Hence the rule is not applicable here.

The fourth paragraph proceeded upon the theory that appellee is maintaining an actionable nuisance.    The only objection urged against the paragraph on this theory is that it does not aver notice to abate.    This objection is so fully answered by the opinion in the case of *Graham* v. *Chicago, etc., R. Co., supra,* that we quote: ''The proposition that the grantee of real estate upon which there is an existing nuisance of a nature not essentially unlawful is liable to an action therefore only after notice to remove or abate it (*City of Valparaiso* v. *Bozarth* [1899], 153 Ind. 536, 47 L. R. A. 487) affords no aid to appellee, for the reason that an act done in defiance of a mandatory statute (*Evansville, etc., R. Co.* v. *Crist* [1889], 116 Ind. 446, 454, 2 L. R. A. 450, 9 Am. St. 865) is 'essentially unlawful.'    To require notice of its own delinquency to be given in such a case to the corporation would be to put the burden of its disregard of the statute upon others, which cannot be allowed. *Davis Coal Co.* v. *Polland* [1902], 158 Ind. 607, 92 Am. St. 319; *Monteith* v. *Kokomo, etc., Co.* [1902], 159 Ind. 149, 58 L. R. A. 944.''

The third paragraph, in addition to the averments of the other paragraphs of the complaint, as before set out, alleged that at the place where appellee's road crosses said drain the ground is low, wet and of a mucky nature; that appellee, in constructing its said roadbed over and across said ditch, negligently and carelessly placed upon the surface of the ground and immediately over said public drain and to a considerable distance on either side thereof a large quantity of heavy timber, stone and dirt, at the time well knowing the soft and mucky nature of the ground at said place, and negligently suffered and allowed said material so placed as aforesaid to settle down upon said drain, and did thereby negligently and carelessly cut off, fill up and wholly

destroy said drain. To this paragraph appellee filed a motion containing five specifications to make the paragraph more specific. The motion was sustained as a whole.

The first specification asked for more specific description of the kind and amount of the crops alleged to have been destroyed in the years of 1902 and 1903, and the date of their destruction.

The second required more specific averments as to how and in what manner the heavy materials were negligently placed on the surface of and over said public drain.

The third required more specific allegations as to how and in what manner the heavy materials were negligently permitted to settle down upon said drain.

The fourth required more specific averments as to how appellee negligently and carelessly cut off and destroyed said drain.

The fifth required appellant to state fully the particular acts of appellee constituting the alleged negligence.

Conformity to all these specifications would be attended with some difficulty. Some of them might be competent as interrogatories, but none of them was required to make the third paragraph sufficient.

The first assumed that the paragraph averred that crops had been destroyed. No such averment is found in the paragraph. The averment is, that by reason of the overflow crops were lost to appellant. They may never have been planted on account of the overflowed condition of the lands, and hence never destroyed.

The second requires specific averments of a wholly immaterial matter. Whether the heavy materials were thrown from a car or carefully placed by hand would not affect appellee's liability or appellant's right to recover. If they were so placed as to destroy the drain and the drain was not thereafter restored, it was an actionable wrong and the details should be left for the evidence to disclose.

The fourth and fifth specifications, in view of the aver-

ments of this paragraph, are without merit. The acts of negligence are sufficiently averred. Each paragraph of the complaint is sufficient to state a cause of action, and the demurrers thereto and the motion to make the third paragraph more specific should have been overruled.

Judgment reversed.